WILCHER *v.* STATE.*

(Division B.   Oct. 8, 1928.)

[118 'So. 356.   No. 27074.]

*Corpus Juris-Cyc. References: Criminal Law, 17CJ, section 3330, p. 53, n. 90; Indictments and Informations, 31CJ, section 49, 'p. 586, n. 64; section 366, p. 795, n. 12.

*Naul & Yawn,* for appellant.

*Jas. W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

Argued orally by *J. A. Naul,* for appellant, and *James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

ANDERSON, J.  Appellant was indicted and tried in the circuit court of Lincoln county on a charge of the mur-

der of her husband, Ephram Wilcher, and convicted of manslaughter, and was by the court sentenced to the penitentiary for a term of two years. From that judgment, she prosecutes this appeal.

Appellant makes the contention, for the first time, in this court, that the indictment was void because the name of the foreman of the grand jury which found and presented the indictment was not entered thereon.

Section 1418, Code of 1906 (section 1235, Hemingway's 1927 Code), provides, among other things, that:

"All indictments must be presented to the court by the foreman of the grand jury, with his name indorsed thereon."

W. P. Furr was foreman of the grand jury which found and presented the indictment against appellant. There was indorsed on the back of the indictment the following:

"A true bill. Prentiss Furr, Foreman Grand Jury."

Following that indorsement there appears the names of the witnesses, and following their names there appears the following:

"Filed this the 5 day of Jan., 1928, R. Lee Moak, Clerk. Recorded 5 day of Jan., 1928, R. Lee Moak, Clerk."

The minutes of the court at which the indictment was found and returned showed that W. P. Furr was appointed and sworn as foreman of the grand jury. The minutes show, further, the following:

"The grand jurors of the state of Mississippi, taken from the body of the good and lawful men of Lincoln county, Miss., duly elected, impaneled, sworn and charged to inquire into and true presentments make, came into open court, there being then and there, at least, twelve of their number present, and upon their oaths and through their foreman, presented the following true bills of indictment to the court, to-wit: Numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11, which were received by

the court and entered and filed by the clerk in the presence of the said grand jury."

It will be seen that among the indictments enumerated in the minutes of the court was indictment No. 1, which was the number of the indictment against appellant. The indictment against appellant was signed by the district attorney.

Section 1413, Code of 1906 (section 1229, Hemingway's 1927 Code), provides as follows:

"A person shall not be acquitted or discharged in a criminal case before verdict, for any irregularity or informality in the pleadings or proceedings; nor shall any verdict or judgment be arrested, reversed, or annulled after the same is rendered, for any defect or omission in any jury, either grand or petit, or for any other defect of form which might have been taken advantage of before verdict, and which shall not have been so taken advantage of."

The indictment appears to be valid on its face. Under the statute, the claimed defect in the indictment could only have been reached by motion to quash. Appellant made no motion to quash the indictment. *Chandler* v. *State,* 143 Miss. 312, 108 So. 723.

Furthermore, if a motion had been made to quash the indictment, it should have been overruled. The return of the indictment into court by the grand jury, in connection with its regularity on its face and the indorsement of its filing by the clerk on its back, was sufficient evidence that it had been properly found and returned by the grand jury. *Smith* v. *State,* 58 Miss. 867; *Holland* v. *State,* 60 Miss. 939.

In *Easterling* v. *State,* 35 Miss. 210, one of the grounds of the motion to quash the indictment was that it was not indorsed "a true bill" by Lazarus J. Jones, who was foreman of the grand jury. There was indorsed on the back of the indictment, "A true bill. L. J. Jones." The court said, among other things:

"Although the name of the foreman was Lazarus J. Jones, yet it was competent for him to indorse the bill under his signature of L. J. Jones."

In *Peter* v. *State*, 3 How. (Miss.) 433, an objection was made to the indictment that the grand juror indorsing it as foreman was not shown to have been appointed by the court as such foreman. Responding to the objection, the court said:

"To this we answer, that the record shows that the indictment was found and returned into court by the whole panel of the jury, and this is sufficient."

Appellant argues that the evidence was insufficient to sustain the conviction; that, therefore, the court should have directed a verdict of not guilty. We think there was ample evidence, consisting of physical facts and circumstances which were contradictory of appellant's direct testimony, to make the question of her guilt one for the jury.

*Affirmed.*