530 So.2d 693 (1988)
Harvey Floyd GARLOTTE
v.
STATE of Mississippi.
No. 57991.
Supreme Court of Mississippi.
August 10, 1988.
Rehearing Denied September 28, 1988.
Harvey F. Garlotte, Parchman, pro se.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and ANDERSON and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
Ordinarily, we would affirm without opinion the action of the trial judge in denying a facially meritless motion for post-conviction relief. We write only for the purpose of commending the trial procedure reflected here as an expeditious and cost-efficient manner of preparing for anticipated post-conviction motions.
Harvey Floyd Garlotte appeals the denial of his motion for post-conviction relief by the Circuit Court of Lamar County, Mississippi. Circuit Judge Michael Eubanks, after review of "the files, records, transcripts and correspondence relating to the judgment under attack, especially the transcript of the plea of guilty," entered an order denying post-conviction relief without a hearing.
On December 10, 1984, Harvey Garlotte was indicted in Marion County for possession of less than one ounce of marijuana with intent to deliver or sell. Shortly thereafter, he was indicted on two counts of murder. The possession case was transferred *694 to Lamar County on motion of Garlotte. He plead guilty on September 16, 1985, to all charges and was sentenced to three years on the marijuana conviction, the only conviction in question here. On September 25, 1985, the guilty plea was transcribed and filed with the circuit clerk. Fourteen months later Garlotte filed his motion for post-conviction relief, alleging ineffective assistance of counsel, omission of certain documents from the record, and failure of the trial judge to establish a factual basis for the plea under Uniform Criminal Rule 3.03.
This case presents an excellent example of the appropriate use of the summary disposition provision of § 99-39-11(2), Miss. Code Ann. 1972 (Supp. 1987). Judge Eubanks conducts one of the most thorough and explicit plea hearings this Court has had the opportunity to read. He has the commendable practice of filing with the circuit clerk a transcript of the guilty plea within days after the plea is taken. This transcript is then available when a post-conviction motion of this nature is filed, allowing for immediate review and rapid disposition of the motion without the expenditure of county funds for transporting the petitioner from Parchman for a hearing.
The issues raised by Garlotte are without merit, totally refuted by the lengthy and explicit record of the guilty plea. Each issue raised by Garlotte is specifically addressed in the transcript. The trial judge was eminently correct in his disposition of this case on the merits without a hearing.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.