573 So.2d 1350 (1990)
N.S. BROOKS
v.
STATE of Mississippi.
No. 89-KP-0395.
Supreme Court of Mississippi.
December 19, 1990.
N.S. Brooks, Parchman, pro se.
Mike C. Moore, Atty. Gen., Jo Anne M. McLeod, Sp. Asst. Atty. Gen., Jackson, for appellee.
*1351 Before DAN M. LEE, P.J., and ROBERTSON and ANDERSON, JJ.
DAN M. LEE, Presiding Justice, for the Court:
N.S. Brooks, an inmate incarcerated in the Mississippi State Penitentiary at Parchman, filed a direct appeal from an order summarily denying his "Motion To Vacate Judgment and Conviction" issued on the 2nd day of March, 1989. The specific targets of his post-conviction motion were guilty pleas entered in May of 1987.

STATEMENT OF THE FACTS
On May 15, 1987, Brooks entered pleas of guilty to the following offenses: burglary in cause number 9995; robbery in cause number 9996; burglary of a dwelling house in cause number 10,007; burglary of an occupied dwelling (Count 1), burglary of a dwelling house (Count 2), and burglary of a dwelling house (Count 3), all in cause number 10,008; robbery in cause number 10,009, and burglary of a dwelling house in cause number 10,010. According to the post-conviction papers filed by Brooks, he was sentenced to serve a term of fifteen (15) years in the Mississippi Department of Corrections.
On or about January 13, 1989, Brooks sought to vacate his pleas of guilty in a pleading styled "Motion To Vacate Judgment and Conviction." On the 2nd day of March, 1989, the circuit judge signed an order summarily denying post-conviction relief. The trial court specifically found
"[T]hat the issues raised by the defendant were waived upon his plea(s) of guilty with the exception of the claim of ineffective counsel. The Court further finds that the defendant has come no where near raising that issue as required by Washington v. Strickland and its progeny."
In his direct appeal to this Court, Brooks presents the following four issues for review:
(1) The indictments were defective because the record does not identify them as the ones returned by the Grand Jury of Lowndes County.
(2) The indictments were defective because they were not accompanied by the affidavit of the Grand Jury foreman.
(3) As a result of the facially defective indictments, the circuit court lacked jurisdiction to prosecute Brooks.
(4) Defense counsel was constitutionally ineffective for failing to object to the defective indictments, and counsel's advice was both deficient and erroneous.

DISCUSSION

THE LAW
Mississippi Code 1972 Annotated § 99-39-11, (Supp. 1990) reads, in part, as follows:
(1) The original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned.
(2) If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified

* * * * * *
(emphasis supplied)
Likewise, § 99-39-19 provides a procedural tool whereby one party or the other may seek and obtain summary judgment. We quote:
(1) If the motion is not dismissed at a previous stage of the proceeding, the judge, after the answer is filed and discovery, if any, is completed, shall, upon a review of the record, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice shall require.
(2) The court may grant a motion by either party for summary judgment when it appears from the record that there is no genuine issue of material *1352 fact and the movant is entitled to judgment as a matter of law.

(emphasis supplied)
In Sanders v. State, 440 So.2d 278, 284 (Miss. 1983), this Court spoke to the manifestly without merit standard contained in Rule 8.07 of the Uniform Criminal Rules of Circuit Court Practice (1979). We held that "... unless the (petitioner's) application is so lacking in merit as to justify summary dismissal under (that standard), the petitioner is entitled to an evidentiary hearing." 440 So.2d at 284.
In Womble v. State, 466 So.2d 910, 912 (Miss. 1985), the Sanders decision was the target of further explication as follows:
The Sanders decision suggests, however, that an evidentiary hearing is not required in those cases which could be disposed of on a motion for summary judgment under Rule 56 of the Mississippi Rules of Civil Procedure, i.e., where "there is no genuine issue as to any material fact and where the moving party is entitled to judgment as a matter of law." Sanders, supra at 285, n. 4. * * * * * *
466 So.2d at 912.
See also Houston v. State, 461 So.2d 720, 723 (Miss. 1984) ("The circuit court may dismiss a petition for writ of habeas corpus summarily, without an evidentiary hearing, if an examination of the petitioner's papers reveals that the claims are manifestly without merit."); Garlotte v. State, 530 So.2d 693, 694 (Miss. 1988) ("This case presents an excellent example of the appropriate use of the summary disposition provision of § 99-39-11(2), Miss. Code Ann."); Tiller v. State, 440 So.2d 1001 (Miss. 1983) (A petitioner seeking to withdraw a plea of guilty is entitled to an evidentiary hearing unless the application submitted by him is so lacking in merit as to justify summary dismissal under Rule 8.07.)
The Mississippi Uniform Post-Conviction Collateral Relief Act, of course, superseded Rule 8.07 of the Mississippi Uniform Criminal Rules of Circuit Court Practice. Nevertheless, § 99-39-11(2), supra, and § 99-39-19(2), supra, of the post-conviction relief act contain appropriate and explicit provisions for the summary disposition of motions to vacate or set aside judgments or sentences.
Section 99-39-21(1) of the post-conviction relief act is also applicable to the present case. It provides that failure by the prisoner to raise objections, defenses, claims, questions, issues or errors of either fact or law which were capable of determination at trial and/or on direct appeal are considered waived and procedurally barred for purposes of post-conviction relief unless the prisoner can make a showing of cause for the default and actual prejudice to the defense.
The posture of Brooks' direct appeal is also controlled to a great extent by Rule 3.03(4) of the Uniform Criminal Rules of Circuit Court Practice (1979), as amended, which states that "[i]t is within the discretion of the court to permit or deny a motion for the withdrawal of a guilty plea." See also Brown v. State, 533 So.2d 1118, 1124 (Miss. 1988); Thomas v. State, 472 So.2d 425, 427-28 (Miss. 1985); Langston v. State, 245 So.2d 579, 582 (Miss. 1971).
The circuit judge stated in his written order announcing summary dismissal that "... the issues raised by the defendant were waived upon his plea of guilty with the exception of the claim of ineffective counsel [and] the defendant has come no where near raising that issue as required by Washington v. Strickland and its progeny." Stated differently, the lower court found that Brooks' claims were manifestly without merit. We concur.
Brooks, in the wake of his guilty pleas, assails allegedly defective indictments. A valid guilty plea, however, admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant. See Houston v. State, 461 So.2d 720, 723 (Miss. 1984); Sanders v. State, 440 So.2d 278, 283 (Miss. 1983); Winters v. State, 244 So.2d 1, 2 (Miss. 1971); United States v. Diaz, 733 F.2d 371, 376 (5th Cir.1984) (A valid guilty plea waives all non-jurisdictional defects in proceedings against a defendant); Barrientos *1353 v. United States, 668 F.2d 838, 842 (5th Cir.1982). Put another way, all non-jurisdictional objections to the indictment are waived (forfeited, if you please) when an accused enters a voluntary plea of guilty.
"[I]ssues such as these respecting the indictment are essentially procedural and susceptible of waiver if not timely preserved and presented on direct appeal." Perkins v. State, 487 So.2d 791, 792 (Miss. 1986); Jones v. State, 356 So.2d 1182, 1183 (Miss. 1978); Wilcher v. State, 152 Miss. 13, 118 So. 356 (1928).
The deficiencies allegedly appearing in the indictments complained about by Brooks are non-jurisdictional defects at best. In this posture, they must be timely asserted else they are waived. Clearly they may not be raised for the very first time in an application for post-conviction relief or, for that matter, on direct appeal, absent "... a showing of cause and actual prejudice." See § 99-39-21(1), Miss. Code Ann. (Supp. 1990), supra.
Brooks also claims his trial counsel was constitutionally ineffective because counsel failed to object to the allegedly defective indictments and because counsel erroneously advised Brooks to plead guilty. Of course, "[n]o post-conviction motion would be complete without this allegation of error." Cabello v. State, 524 So.2d 313, 315 (Miss. 1988).
Trial counsel is presumed to be competent. The truthfulness of this observation is found in Johnson v. State, 476 So.2d 1195, 1204 (Miss. 1985), where we said:
Counsel is presumed to be competent. If counsel is reasonably effective in the defense of an accused, he meets constitutional standards, irrespective of the client's evaluation of his performance. An indigent criminal defendant is not entitled to expert counsel, or to counsel of his own choosing, but only to reasonably effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Morris v. Slappy, 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983).
476 So.2d at 1204.
It is clear the two part test articulated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) "applies to challenges to guilty pleas based on ineffective assistance of counsel." Leatherwood v. State, 539 So.2d 1378, 1381 (Miss. 1989) quoting from Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210 (1985).
In order to prevail on his claim of ineffective assistance of counsel, Brooks must show, first of all, "that his counsel's performance was deficient and second, that the deficient performance prejudiced the defense so as to deprive him of a fair trial." Perkins v. State, supra, 487 So.2d at 793. The burden is upon the defendant to make "a showing of both." Wilcher v. State, 479 So.2d 710, 713 (Miss. 1985) (emphasis supplied).
To obtain an evidentiary hearing in the lower court on the merits of an effective assistance of counsel issue, a defendant must state "a claim prima facie" in his application to the Court. Read v. State, 430 So.2d 832, 841 (Miss. 1983). To get a hearing "... he must allege ... with specificity and detail" that his counsel's performance was deficient and that the deficient performance prejudiced the defense. Perkins v. State, supra, 487 So.2d at 793; Knox v. State, 502 So.2d 672, 676 (Miss. 1987).

THE RESULT
With these basic guidelines in mind, we turn briefly to an examination of Brooks' four individual claims which, we hold, were either procedurally barred or manifestly without merit.

CLAIMS (1) AND (2)  DEFECTIVE INDICTMENTS
The first claim alleges the indictments were fatally defective because the record does not identify them as the indictments returned by the grand jury of Lowndes County. The second claim alleges the indictments were defective because *1354 they were not accompanied by the affidavit of the grand jury foreman.
These are technical and non-jurisdictional deficiencies that were waived when Brooks failed to timely raise them in the trial court. See Stewart v. State, 377 So.2d 1067 (Miss. 1980), and Jones v. State, 356 So.2d 1182 (Miss. 1978), which recognize that the defects complained about are procedural in nature. These deficiencies were also waived when Brooks entered his voluntary pleas of guilty.
Moreover, it is not at all clear that Brooks would have been entitled to relief even if these claims had been timely asserted. This is because the indictments charging Brooks with various and sundry offenses were each signed by the foreman of the grand jury and marked "filed" by the circuit clerk of Lowndes County. This provided sufficient "legal evidence" to negate the claims made by Brooks. See § 99-7-9, Miss. Code Ann. (Supp. 1990); McCormick v. State, 377 So.2d 1070, 1073-74 (Miss. 1979) (Indictment was not invalidated due to fact it was not accompanied by foreman's affidavit where records reflected that entire grand jury was before the court and filed indictment and where there was no prejudice to the defendant); Stewart v. State, supra.
Finally, Brooks' allegations were too bare-bone and conclusory to warrant an evidentiary hearing. Simply because the indictments in question do not, on their face, indicate they were concurred in by twelve (12) or more members of the grand jury and that at least fifteen (15) members were present during all deliberations, does not mean it wasn't so. See § 99-39-9(1)(e), Miss. Code Ann. (Supp. 1990), which requires the movant to state in his pleading how or by whom his facts will be proven. Here the record suggests there was compliance with the old, more laborious method of presenting indictments to the grand jury. McCormick v. State, supra.
Given the circumstances confronting us, we hold that both of Brooks' claims concerning deficiencies in the indictments are procedurally barred by virtue of § 99-39-21(1) because they were not timely asserted. Furthermore, Brooks has not even remotely made a showing of cause and actual prejudice as those terms are defined by § 99-39-21(4) and (5).

CLAIM (3) JURISDICTION
Brooks' third claim is that the Circuit Court of Lowndes County lacked jurisdiction to try him because the indictments were fatally defective on their face. Brooks has made no showing the indictments were defective, but assuming they were, any defects were clearly non-jurisdictional in nature. Accordingly, this claim is manifestly without merit.

CLAIM (4)  INEFFECTIVENESS OF COUNSEL
Brooks' fourth and final claim concerns the alleged ineffectiveness of trial counsel. According to Brooks his attorney was constitutionally ineffective because counsel failed to object to the defective indictments and erroneously advised Brooks to plead guilty to the charges. We find no merit in this claim. See Reynolds v. State, 521 So.2d 914, 917 (Miss. 1988).
Brooks failed to allege with the "specificity and detail" required that his counsel's performance was deficient and that the deficient performance prejudiced the defense. Perkins v. State, supra, 487 So.2d at 793. Put another way, the petitioner's showing was not in proper form. The facts he alleged in his proposed motion and the brief submitted in support thereof were not supported by any affidavits other than his own. See Smith v. State, 490 So.2d 860 (Miss. 1986) (Defendant seeking post-conviction relief based on contention he was deprived of right to effective assistance of counsel, failed to meet the pleading requirements of § 99-39-9(1)(e), Miss.Code 1972 Ann. Brooks' complaint concerning his lawyer is without merit for this reason if for no other.
Aside from all this, the indictments were not defective. Counsel, of course, cannot be faulted for failing to challenge the validity of valid indictments. Accordingly, Brooks has failed to demonstrate that *1355 counsel's performance was deficient much less that any deficient performance prejudiced his defense.
Brooks has also failed to identify the "deficient and erroneous advice" of counsel that allegedly resulted in his pleas of guilty. Put another way, he has failed to demonstrate, or even suggest, that counsel's advice was not "... within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, supra, 474 U.S. at 56, 106 S.Ct. at 369, 88 L.Ed.2d at 208 quoting from McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).
In short, Brooks' ineffective assistance of counsel claim was properly dismissed without the benefit of an evidentiary hearing because it was manifestly without merit. Accordingly, the trial judge did not abuse his judicial discretion in summarily denying Brooks' motion to vacate his pleas of guilty.

CONCLUSION
The indictments complained about by Brooks were not defective, but even if they were, the deficiencies were non-jurisdictional in nature and were waived when the defendant entered his voluntary pleas of guilty.
Any technical deficiencies were, likewise, waived when Brooks failed to timely assail them in the lower court. Neither cause nor prejudice has been demonstrated. Accordingly, these claims are barred by virtue of § 99-39-21(1) of the post-conviction relief act.
Finally, Brooks has failed to allege with the specificity and detail required that his lawyer's performance was deficient or that the deficient performance prejudiced the defense. Even if otherwise, Brooks failed to make out a claim prima facie that counsel's performance was deficient and the deficiency prejudiced the defense. See Knox v. State, supra, and Read v. State, supra.
Accordingly, the judgment and order entered by the Circuit Court of Lowndes County, Mississippi, dated March 2, 1989, be and is hereby affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.