# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-KP-00843-SCT

*FOREST A. HENLEY, JR.*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 7/11/94 |
| TRIAL JUDGE: | HON. JOHN B. TONEY |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIDRE MCCRORY |
| DISTRICT ATTORNEY | JOHN KITCHENS |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 4/3/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

Forrest A. Henley, Jr., appeals the denial of post-conviction relief (PCR) from the revocation of his probation for a suspended sentence on fifteen counts of forgery. Henley's probation was revoked because he tested positive for cocaine, failed to report to his probation officer, failed to make restitution, and fled from the Jackson police during the course of committing a criminal act. Henley raises the following issues for consideration by this Court:

**I. Whether Henley's probation was erroneously revoked without the benefit of legal counsel?**

**II. Whether Henley was denied his right to due process?**

**III. Whether the trial court erred in allowing hearsay evidence to be presented?**

**IV. Whether the hearing was erroneously held without a presentence investigation report?**

**V. Whether the court erred in failing to instruct the probation officer of Henley's rights?**

**VI. Whether the original sentence in this case was in violation of the Sentencing Reform Act of 1984 and Miss. Code Ann. § 47-7-33?**

Henley is procedurally barred from raising each of these issues because he failed to raise them at the revocation hearing. *See Brandau v. State*, 662 So. 2d 1051, 1053 (Miss. 1995); *Brooks v. State*, 573 So. 2d 1350, 1353 (Miss. 1990). In addition, the PCR statutes provide that failure to raise an objection before the trial judge bars raising the issue in the PCR motion, unless the prisoner can show cause for the default and actual prejudice to his defense. Miss. Code Ann. § 99-39-21 (1) (Supp. 1996). Henley has made no such showing.

Furthermore, Henley's arguments are without merit. *See Gagnon v. Scarpelli*, 411 U.S. 778, 787-89 (1973); *Berdin v. State*, 648 So. 2d 73, 80 (Miss. 1994); *Riely v. State*, 562 So. 2d 1206, 1209 (Miss. 1990); Miss. Code Ann. §§ 47-7-3, 47-7-21, 99-39-9 (2) (Supp. 1996).

For these reasons, the judgment of the trial court denying Henley's motion for post-conviction relief from the revocation of Henley's probation is affirmed, *per curiam*.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., SULLIVAN, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**