# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KP-00187-SCT

*JOHN A. WILLIAMS*

*v.*

*STATE OF MISSISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/03/95 |
| TRIAL JUDGE: | HON. BARRY W. FORD |
| COURT FROM WHICH APPEALED: | ITAWAMBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| NATURE OF THE CASE: | CRIMINAL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 2/20/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DAN LEE, C.J., BANKS AND ROBERTS, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

On July 26, 1994, Williams filed a PCR motion in the circuit court claiming that his plea was involuntary and that he was denied effective assistance of counsel. The circuit court, on February 3, 1995, by order, denied his requested relief. Williams appeals to this Court citing the following issues.

### ISSUES

**I. WHETHER THE LOWER COURT ERRED IN SUMMARILY DISMISSING WILLIAMS' PCR MOTION?**

**II. WHETHER WILLIAMS RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL WITHIN THE MEANING OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION?**

On July 30, 1993, in the Circuit Court of Itawamba County, John Williams pled guilty to the crime of aggravated assault and was sentenced to serve a term of eight (8) years in the custody of the Mississippi Department of Corrections. Williams claims that the lower court erred in summarily dismissing his post conviction motion without a hearing. However, Williams was thoroughly interrogated by the lower court at the time his plea was tendered, and his testimony totally belies his current claims. Thus, the lower court did not err in failing to grant an evidentiary hearing. *Garlotte v. State*, 530 So. 2d 693, 694 (Miss. 1988); *Mowdy v. State*, 638 So. 2d 738, 742-44 (Miss. 1994) (trial judges may place emphasis upon a defendant's prior representations under oath during guilty pleas); *Smith v. State*, 636 So. 2d 1220, 1224 (Miss. 1994) (comparing previous sworn testimony during guilty plea with his current affidavit, renders the latter practically a "sham."); *Harris v. State*, 578 So. 2d 617, 620 (Miss. 1991); *Sanders v. State*, 440 So. 2d 278, 289 (Miss. 1983) (Roy Noble Lee, J., specially concurring) (one time or the other defendant has obviously committed perjury, which may warrant appropriate actions by a grand jury).

Also, Williams asserts various ineffective assistance claims which are without merit. He claims that counsel failed to inform him of the State's witnesses; that counsel did not inform him of his right to a trial by jury; and that counsel did not conduct an investigation because all legal fees were not paid. The transcript reveals that the trial judge explained to Williams his right to a jury trial and that the decision was his to waive. During his plea-colloquy hearing, Williams answered affirmatively when asked whether he was satisfied with the legal service and advice of his attorney and whether he believed that his attorney had properly advised him and properly represented his interests.

With regard to Williams' claim that the plea of guilty has no factual basis, the indictment sufficiently set out the events of the charge and the court read the entire indictment to Williams and then asked him if he had, in fact, committed the crime as stated. Williams responded that he understood the charge and admitted his guilt of the charge. This was certainly sufficient to meet the requirements of *Lott v. State,* 597 So. 2d 627 (Miss. 1992). In *Corley v. State*, 585 So. 2d 765, 767 (Miss. 1991), this Court held that in regard to a factual basis, all that is required is that the court have before it "substantial evidence that the accused did commit the legally defined offense to which he is offering the plea." *See also Gaskin v. State*, 618 So. 2d 103 (Miss. 1993). The thorough discussion with Williams and counsel by the trial court during the plea colloquy is more than sufficient for the trial court to have relied upon in denying Williams' relief.

**AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**