While I recognize that the practice of requiring defendants asserting ineffective assistance of counsel to await "final" disposition of their appeal prior to filing for post-conviction relief has been approved in Read v. State, 430 So.2d 832 (Miss. 1983), I believe that a limited purpose remand would be more efficient and fair in the present case. For this reason, I dissent.
Although we hold that the issue of ineffective assistance is one that is not waived if not raised on direct appeal, Read v.State, 430 So.2d 832, 837 (Miss. 1983), we expect defendants to demonstrate to us by affidavits, often without counsel or any other effective means to secure the same, that counsel was ineffective and that the outcome would have been different before we allow them to even have a shot at the trial court. Brooks v.State, 573 So.2d 1350, 1352 (Miss. 1990); Miss. Code Ann. §99-39-9 (1972). If the defendant successfully crosses this hurdle, a hearing may be held in a trial court. Thereafter, if unsuccessful, a defendant is entitled to another review by this Court on the issue. Miss. Code Ann. § 99-39-25.
In the interest of judicial economy, the issue of ineffective assistance should be handled on direct appeal via a limited remand rather than through post-conviction relief in cases such as this where there are substantial grounds indicated in the defendant's affidavits and proposed motion for relief. By proceeding in this fashion, the trial court, which is in a much better position to judge the merits of an ineffective assistance claim, may dispose of it and either grant a new trial alleviating review by this Court on other assignments of error, or deny it, giving this Court a full record for review. Moreover, if we simply affirm and relegate the defendant to post-conviction relief proceedings, the defendant would have to be picked up and jailed while awaiting our disposition of a new *Page 924 
proceeding requesting leave to proceed in the trial court. Miss.Code Ann. § 99-19-39, § 99-19-43, and § 99-39-25(4). There would be further delay for disposition of the matter in trial court, and possibly our disposition on appeal from any judgment rendered there.
A limited remand would be in the best interest of justice and should be granted as done in Fleming v. State, No. 92-KA-00394 (Miss. March 11, 1993). The majority attempts to distinguish the present case from Fleming by contending that the right to a fair and impartial jury is the primary instrument of justice, whereas the right to effective assistance of counsel does not rise to such a magnitude. However, I believe that the right to effective assistance is equally deserving of this court's protection as we have essentially deemed the right to effective counsel to be a fundamental right. In Read, it was reasoned
 [t]oday, however, state courts are being allowed not inconsiderable leeway when it comes to enforcing procedural rules to bar litigation of federal constitutional rights. [citations omitted]. Given such leeway, it is peculiarly appropriate that state courts be faithful stewards of those fundamental
rights adjudication of which is thus entrusted to them . . . The State's brief would have us take advantage of this leeway — and, in effect, preclude any defendant from ever raising the troublesome, unpleasant and no doubt frequently abused claim of ineffective assistance of counsel. The State's invitation should be rejected.
Read, 430 So.2d at 837. As Fleming and the present case cannot logically be distinguished, a limited remand should be granted.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, J., join this opinion.