IRVING, J.,
for the Court.
¶ 1. Joy Graves pleaded guilty, in the Circuit Court of Lee County, to possession of cocaine. She was sentenced to twenty years in the custody of the Mississippi Department of Corrections but was placed in the Intensive Supervision Program (ISP), also known as house arrest. Thereafter, Graves filed a motion for post-conviction relief alleging that she received ineffective assistance of counsel in that her trial counsel did not fully inform her of *761 “the proceedings and possible outcome of her entry of guilty plea.” Without granting a hearing, the trial court dismissed the motion. Graves now appeals, asserting that she was denied her right to an eviden-tiary hearing, and that the trial court should be directed to hold the hearing pursuant to section 99-39-19 of the Mississippi Code of 1972 as amended. Finding no error, we affirm the trial court’s decision.
FACTS
¶ 2. On August 1, 2000, Joy Graves was indicted by a Lee County grand jury for the sale of cocaine and conspiracy to sell a controlled substance. She pleaded guilty to the charge of possession of cocaine with intent to sale and was sentenced to a term of twenty years. The sentence was suspended, and Graves was placed in the ISP. She was also ordered to pay $705 in restitution to the North Mississippi Narcotics Unit and was fined $5,000 with $4,000 suspended.
¶ 3. Graves’s ISP was subsequently terminated and she was placed in the custody of the MDOC. On June 17, 2002, she filed a motion for post-conviction relief alleging that her plea of guilty was involuntarily and unknowingly made because she received ineffective assistance of counsel in that her attorney did not adequately communicate with her or advise her of the consequences of her plea.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 4. Graves maintains that she was denied an opportunity to present the lower court with evidence that would support her claim of ineffective assistance of counsel. She maintains that, under the provisions of the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated section 99-39-1 to -29, she was entitled to an evidentiary hearing.
¶ 5. Circuit courts are authorized to summarily dismiss PCR motions “if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief....” Miss.Code Ann; § 99-39-11(2) (Rev.2000). Graves’s PCR motion alleged (1) that her trial counsel did not communicate with her over the period immediately before she entered her guilty plea, (2) that on the day she entered her guilty plea, her trial counsel told her that she had to enter a guilty plea notwithstanding the fact that she was innocent and did not want to enter a guilty plea, and (3) that trial counsel convinced her that, if she entered a guilty plea, she would not have to serve any time. Graves attached no affidavits to her PCR motion other than hers.
¶ 6. Graves relies heavily on Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) in support of her argument. She properly advances that the standard articulated in the Strickland case “applies to challenges to guilty pleas based on ineffective assistance of counsel.” Brooks v. State, 573 So.2d 1350, 1353 (Miss.1990). In Strickland, a defendant challenged his murder conviction by alleging that he received ineffective assistance of counsel. The U.S. Supreme Court upheld the conviction and held that the proper standard for an attorney’s performance is that of reasonably effective assistance, considering all the circumstances. Strickland, 466 U.S. at 669, 104 S.Ct. 2052.
¶ 7. The Supreme Court also articulated a two-part test in determining if an attorney’s performance is so deficient as to warrant reversal of a conviction. First, the defendant must show that counsel’s performance was deficient. Id. at 687, 104 *762 S.Ct. 2052. This requires a showing that counsel made errors so serious that he was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Id. Second, the defendant must show that the deficient performance prejudiced his defense. Id. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Id. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that rendered the result unreliable. Id.
¶ 8. Graves’s sworn statements made during her plea qualification hearing belies the allegations of her PCR motion. The trial judge advised Graves of the various rights that she would be giving up by pleading guilty and engaged in the following exchange with her during the plea hearing:
Q: Has anyone put any pressure on you, forced you in any way or told you that you had to plead guilty to these charges?
A: No, sir.
Q: Do you understand you don’t ever have to plead guilty to a criminal charge?
A: Yes, sir.
THE COURT: Mr. Thorne, as attorney for this defendant, have you discussed these charges with her carefully, advised her of her constitutional rights and the consequences of pleading guilty to these charges?
Mr. Thorne: Yes, Your Honor.
THE COURT: Do you think that she understands your advice and that she is in fact entering each of these pleas freely and voluntarily?
Mr. Thorne: Yes, Your Honor.
BY THE COURT: (Continuing)
Q: Ms. Graves, are you satisfied with the legal services and the advice given you by your attorney?
A: Yes, sir.
Q: Do you think that he has properly advised you before pleading guilty to these charges and represented your best interests in handling these cases?
A:. Yes, sir.
Q: Do you have any questions about what is taking place here?
A: No, sir.
Q: Is there anything about this you don’t understand?
A: No, sir.
¶ 9. At the conclusion of the hearing, the court found that Graves’s decision to enter the guilty plea was knowingly, understandingly, freely, and voluntarily made. The court then accepted the plea and specifically found that Graves had admitted her guilt at the time of the plea.
¶ 10. We find that the trial court properly concluded that Graves’s PCR motion, alleging ineffective assistance of counsel, was without merit and properly dismissed it without an evidentiary hearing. In considering PCR motions, trial judges are entitled to rely upon the sworn statements made by defendants during their plea qualification hearings. Graves said nothing in her PCR motion that is not contradicted point by point in her sworn testimony given during the plea qualification hearing. Therefore, we affirm the trial judge’s decision.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
*763 KING C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.