924 So.2d 577 (2005)
Jessie D. BOYETT, Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-02026-COA.
Court of Appeals of Mississippi.
December 6, 2005.
Rehearing Denied March 21, 2006.
*578 Jessie D. Boyett, Jr., Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
EN BANC.
IRVING, J., for the Court.
¶ 1. Jessie D. Boyett, Jr., pleaded guilty in the Circuit Court of DeSoto County to rape, and aggravated assault on a police officer. He was given consecutive sentences of thirty and twenty years, respectively, in the custody of the Mississippi Department of Corrections. Thereafter, Boyett filed a motion for post-conviction relief, alleging ineffective assistance of counsel. The trial judge denied the motion without a hearing. Boyett appeals, arguing that the trial court erred in denying his motion for post-conviction relief because his plea was involuntary due to his having received ineffective assistance of counsel and because the indictment was defective due to the inclusion of the language "in the year of our Lord."
¶ 2. Finding no reversible error, we affirm.

FACTS
¶ 3. In March 2001, Boyett was indicted for aggravated assault on a police officer, attempt to cause bodily injury with a firearm, kidnapping, and rape of his ex-wife. In July 2002, Boyett pleaded guilty to the aggravated assault and rape charges. The other charges were remanded to the files.

STANDARD OF REVIEW
¶ 4. "When reviewing a lower court's decision to deny a petition for post-conviction relief, we will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo." Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999) (citing Bank of Miss. v. S. Mem'l Park, Inc., 677 So.2d 186, 191 (Miss.1996)).

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 5. Although Boyett argues here that the inclusion of the "in the year of our Lord" language made his indictment defective, resulting in a denial of due process, we do not address this issue, as it was not presented to the trial court. The law is well settled in this jurisdiction that issues not raised in the trial court cannot be heard on appeal. Therefore, we limit our discussion to Boyett's claim that he was denied effective assistance of counsel.
¶ 6. Boyett argues that his plea of guilty was involuntary and was brought about by ineffective assistance of counsel. To support his assertion, he describes several alleged errors of counsel, including (1) failure to object to a flaw in his indictment,[1] (2) failure to object to prosecutorial misconduct during sentencing, and (3) failure to advise him that a written statement *579 by the rape victim would be used by the trial court during sentencing. As to this last alleged failure, Boyett claims that had he known that the rape victim's statement would be used by the court during sentencing, he would have never pleaded guilty.
¶ 7. The law is well settled in Mississippi that "a valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment or information against a defendant." Reeder v. State, 783 So.2d 711, 720(¶ 36) (Miss.2001) (citing Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990)).
¶ 8. Boyett's argument, that his plea was involuntary because of the various things he now says negated the voluntariness of it, is belied by the record. In his sworn "Petition to Enter Plea of Guilty," Boyett stated, "I offer my plea of guilty freely and voluntarily and of my own accord and with full understanding of all matters set forth in the indictment herein and in this petition, and this plea is with the advice and consent of my lawyer." Similarly, a review of the transcript of Boyett's plea hearing revealed that the judge advised him of his constitutional rights and the consequences associated with entering a guilty plea. At that time, Boyett affirmatively stated that after a full discussion of his case with his attorney, he decided to enter a plea of guilty. He also affirmatively stated that his decision was made without the promise of anything in exchange and without any threats or coercion.
¶ 9. We find that both documents reflect that Boyett voluntarily and knowingly entered his plea of guilty to the charges set forth in his indictment, specifically the charges of assault on a police officer and rape.
¶ 10. Although we have found that Boyett's plea was freely and voluntarily entered, we briefly address his ineffective assistance of counsel claim. To establish an ineffective assistance of counsel claim, Boyett must show (1) a deficiency in his counsel's performance that was (2) sufficient to constitute prejudice to his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Boyett has the burden of proving both prongs of the Strickland test. Our review of the record reveals that Boyett has failed to establish either element of the Strickland test, but even if his attorney's performance could be considered deficient because of his counsel's failure to do those things Boyett alleges, we find that Boyett still could not demonstrate the requisite showing of prejudice to support an ineffective assistance of counsel claim. The second prong of the Strickland test requires Boyett to show that but for the errors of his counsel, the results of his case would have been different. The record is simply void of any evidence to support such a contention. In fact, the record reflects that Boyett was ably assisted by his counsel. While Boyett received a sentence of fifty years for the two charges to which he pleaded, two other felony charges were passed to the files, one of which could have resulted in a life sentence. Clearly, it was because of counsel's successful negotiations that Boyett was able to escape a possible life sentence. "Assertions of error without prejudice do not trigger reversal." Nicholson on Behalf of Gollott v. State, 672 So.2d 744, 751 (Miss.1996) (citing Hatcher v. Fleeman, 617 So.2d 634, 639 (Miss.1993)).
¶ 11. Moreover, one of the things which Boyett claims affected the voluntariness of his plea (alleged prosecutorial misconduct during sentencing) could not have occurred until after his plea had been entered; *580 therefore, they it could not in any way have affected the voluntariness of Boyett's plea. That leaves only Boyett's allegation that a lack of knowledge that the rape victim's statement would be used against him at sentencing rendered his plea involuntary. Boyett cites no authority, and we know of none, holding that the failure of a defense counsel to advise his client of possible witnesses who may testify against the client at sentencing constitutes ineffective assistance of counsel. We are not sure that defense counsel will even know who the State may offer at sentencing, especially in cases, such as this one, involving an open plea.
¶ 12. We also note that Boyett did not provide any affidavits to support the allegations in his post-conviction relief motion. Our supreme court "has implicitly recognized in the post-conviction relief context that where a party offers only his affidavit, his ineffective assistance of counsel claim is without merit." Vielee v. State, 653 So.2d 920, 922 (Miss.1995) (citing Brooks, 573 So.2d at 1354). Thus, Boyett's ineffective assistance of counsel claim is without merit.
¶ 13. Furthermore, Boyett's ineffective assistance of counsel claim is contradicted by the record. During the plea qualification hearing, Boyett was asked by the court if he was satisfied with the advice and assistance provided by his lawyer, to which he answered, "yes, sir."
¶ 14. For the reasons discussed, we find that the trial judge did not err in summarily denying Boyett's motion for post-conviction relief.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DENYING MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
KING, C.J., LEE and MYERS, P.JJ., BRIDGES, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] As already mentioned, we will not consider this allegation.