IRVING, J.,
for the Court.
¶ 1. William Wayne Strohm pleaded guilty to burglary of a residence and was sentenced to eight years in the custody of the Mississippi Department of Corrections, with five years of post-release supervision to follow. The sentence was to run consecutive to other sentences that Strohm was currently serving. After his incarceration, Strohm filed a motion for post-conviction relief, which the Oktibbeha County Circuit Court denied. Aggrieved, Strohm appeals and asserts that the trial court erred in denying him post-conviction relief on the following grounds: (1) insufficiency and defectiveness of the indictment, (2) prose-cutorial misconduct, and (3) ineffective assistance of counsel.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Strohm was indicted on two unrelated counts: burglary of a dwelling and felon in possession of a firearm. Strohm eventually decided to enter an open guilty plea on the burglary charge, and the State retired the possession count. Strohm’s petition to enter his guilty plea indicated that *1057 the district attorney had agreed to make no recommendation in his case, other than that the State would not proceed against Strohm as a habitual offender. The petition also indicated that Strohm understood his constitutional rights and knew the potential sentence that the court could enter against him. The petition also admitted Strohm’s guilt and described his burglary.
¶ 4. At Strohm’s appearance to enter his guilty plea, the court questioned him regarding the voluntariness of his plea. During the colloquy, Strohm testified that (1) he understood the charge against him, (2) he had conferred with his attorney regarding any possible defense to the burglary charge, (3) he could read and write, (4) he understood everything in his guilty petition, (5) he understood all his constitutional rights,[1] (6) he was satisfied with the advice of his attorney, (7) he understood the potential minimum and maximum sentence he could get, (8) it was his own decision to plead guilty, (9) no promises or threats had been made to induce him to plead guilty, and (10) he was not under the influence of any drugs or -alcohol. At -the hearing, Strohm’s attorney testified that she did not know of any reason why the court should refuse to accept Strohm’s plea.
ANALYSIS AND DISCUSSION OF THE ISSUES'
¶ 5. We note at the outset that a guilty plea limits what errors a defendant may claim on appeal. “A valid guilty plea ... admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant. Put another way, all non-jurisdictional objections to the indictment are waived ....” by the plea of guilty. Brooks v. State, 573 So.2d 1350, 1352-53 (Miss.1990) (citations omitted). Issues not raised below may not be raised for the first time on appeal because “the trial court cannot be put in error, unless it has had an opportunity of committing error.” Stringer v. State, 279 So.2d 156, 158 (Miss.1973) (citing Boutwell v. State, 165 Miss. 16, 27-28, 143 So. 479, 482 (1932)). We will not question the trial court’s factual findings unless they are “clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo.” Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999) (citing Bank of Miss. v. S. Mem’l Park, Inc., 677 So.2d 186, 191 (Miss.1996)).

1. Indictment

¶ 6. In his suggestion of error, Strohm claims that the trial court erred in allowing a faulty, indictment. He argues that the indictment was defective for two reasons: first, because the indictment did not specify the exact address of the house he burglarized, and second, because the possession charge, which was unrelated to the burglary, was included.
¶ 7. As to Strohm’s first contention, the trial court properly found that the absence of the address had no impact on the indictment, because the exact address was not required by statute. Strohm argues that the absence of the address could impact the jurisdiction of the court, because without the address, it is unclear where the burglary took place. However, while the indictment did not give a specific address, the house was identified by the name of its owner, and the indictment clearly stated that the burglary had occurred in Oktibbeha County.- Therefore, jurisdiction clearly lay with the Oktibbeha County Circuit Court. Additionally, “[a] *1058 valid guilty plea ... admits all elements of a formal criminal charge.... ” Brooks, 573 So.2d at 1352.
¶ 8. Similarly, Strohm’s complaint that the indictment was defective for including unrelated charges must also fail. In general, Rule 7.07 of the Uniform Rules of Circuit and County Court prohibits multiple count indictments when the counts aré not based on the “same act or transaction” or are two acts that are not part of a “common scheme or plan.” However, in this case, Strohm waived any non-jurisdictional error in the indictment when he pleaded guilty. Brooks, 573 So.2d at 1352-53. Furthermore, even if he had not, no error occurred because the State retired the second count of the indictment. Therefore, no injury whatsoever was inflicted on Strohm as a result of the inclusion of the second count of the indictment. No error arose in Strohm’s case from his indictment. Consequently, we find Strohm’s first contention entirely without merit.

2. Prosecutorial Misconduct

¶ 9. In his second issue, Strohm complains that the prosecutor in his case failed to uphold the State’s end of the plea bargain. Strohm avers that this is so because their agreement was that Strohm would make an open plea, and the State would make no sentencing recommendation, other than to decline to pursue Strohm as a habitual offender.[2] Strohm argues that the prosecutor broke this agreement when he recommended a twelve-year sentence to the court.
¶ 10. The record belies this claim. No recommendation was made during the plea colloquy on the part of the State. In fact, no mention of a recommended sentence, other than the agreement not to proceed against Strohm as a habitual offender, is made anywhere in the record on the part of the State. We find Strohm’s characterization of the prosecutor’s conduct to be entirely baseless and completely unsupported by the record. There was no pros-ecutorial misconduct, and Strohm’s argument to the contrary is without merit.

S. Ineffective Assistance of Counsel

¶ 11. In his final claim of error, Strohm contends that his counsel was ineffective. In order to succeed, Strohm must show that (1) his counsel was deficient, and (2) that deficiency caused prejudice to him. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Strohm claims that his counsel was defective because she “deceived and misled” him, and failed to “object when the prosecution failed to uphold its end of the Plea Agreement, as Counsel also did not object to the inadequate indictment.”
¶ 12. The colloquy between Strohm and the court shows the lack of merit in this claim. During his plea colloquy, Strohm stated that he was satisfied with the advice of his counsel and stated that his counsel had fully and completely explained the charges that he was facing and any defenses that he would have. Nothing in the record indicates that Strohm’s counsel was deficient in any way. Strohm stated specifically that no one, including his attorney, had induced or coerced him into making his plea. Additionally, since we found no error in the prosecution’s conduct or in the indictment, there can be no fault on the part of his attorney on these points. Therefore, Strohm’s final suggestion of error is without merit.
*1059 ¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY DENYING MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIB-BEHA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.

. The court also went over Strohm’s constitutional rights with him to verify that he fully understood the rights he was waiving by entering his guilty plea.

. This agreement was recorded in Strohm's guilty plea petition.