# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-KA-00430-COA

**FRANK HARRISON A/K/A FRANK D. HARRISON, II A/K/A FRANK HARRISON, SR. A/K/A FRANK DAVID HARRISON**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/14/2024 |
| TRIAL JUDGE: | HON. LEE JACKSON HOWARD V |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RODNEY A. RAY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALEXANDRA LEBRON |
| DISTRICT ATTORNEY: | SCOTT WINSTON COLOM |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 09/23/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., LAWRENCE AND WEDDLE, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     Frank Harrison appeals his convictions in the Lowndes County Circuit Court of two counts of sexual battery, for which the court sentenced him to serve two consecutive fifteen-year terms in custody.  On appeal, Harrison argues that the date range in his indictment was overly broad.  Finding no error, we affirm Harrison's convictions and sentences.

## FACTS

¶2.     The record reflects that Harrison was married to a woman named Debra from 2008 to 2014.  During the marriage, Harrison was the stepfather to Debra's minor daughters, N.S.

and O.S.[1] In 2018, N.S. and O.S. disclosed to Debra that Harrison had sexually abused them from approximately 2011 through 2013. Debra reported the abuse to Child Protection Services (CPS), and CPS reported the abuse to the Lowndes County Sheriff's Department.

¶3.     After an investigation by the sheriff's department, Harrison was arrested and indicted for sexual battery of N.S. and O.S. in violation of Mississippi Code Annotated section 97-3-95(2) (Rev. 2014).[2] Section 97-3-95(2) provides, "A person is guilty of sexual battery if he or she engages in sexual penetration with a child under the age of eighteen . . . years if the person is in a position of trust or authority over the child including without limitation the child's . . . stepparent[.]" *Id.*

¶4.     After a trial, the jury found Harrison guilty of two counts of sexual battery. The trial court sentenced Harrison to consecutively serve fifteen years for each count in the custody of the Mississippi Department of Corrections. Harrison filed a motion for judgment notwithstanding the verdict, to vacate the judgment, or for a new trial, which the trial court denied. This appeal followed.

**DISCUSSION**

¶5.     Harrison's primary contention on appeal is that he did not receive a fair trial due to

---

[1] N.S. and O.S. were minors at the times of the alleged sexual abuse, so we use initials in place of their names.

[2] The record reflects that Harrison was originally indicted for four counts of sexual abuse of N.S. and O.S.—three counts of sexual battery and one count of fondling. The trial court dismissed one of the sexual battery counts and then granted Harrison's motion for a directed verdict as to the fondling charge.

his indictment's "broad" and "indefinite" three-year date range.[3] We apply a de novo review to an appellant's challenge to the sufficiency of an indictment. *Bradshaw v. State*, 371 So. 3d 822, 829 (¶15) (Miss. Ct. App. 2023).

¶6.     The record reflects that Harrison failed to raise this date-range issue with his indictment at trial or in his post-trial motion. This Court has explained that "[t]he date of the offense is not an essential element of the offense of sexual battery under Mississippi caselaw." *Id*. at 830 (¶21); *Baker v. State*, 930 So. 2d 399, 405 (¶10) (Miss. Ct. App. 2005) ("[T]he time frame provided in the indictment was not a necessary element of the offense [of sexual battery].").     Therefore, "[Harrison's] alleged defect in the indictment is not jurisdictional." *Bradshaw*, 371 So. 3d at 830-31 (¶21).   Non-jurisdictional deficiencies in an indictment "may not be raised for the first time on direct appeal 'absent a showing of cause and actual prejudice.'" *Baker*, 930 So. 2d at 404 (¶9) (quoting *Brooks v. State*, 573 So. 2d 1350, 1353 (Miss. 1990)).   Therefore, Harrison "must show cause and actual prejudice based on the [date range in the] indictment being . . . broad [and indefinite]." *Bradshaw*, 371 So. 3d at 831 (¶22).

¶7.     After reviewing Harrison's appellate brief, we find that he failed to offer proof of cause and actual prejudice.   On appeal, Harrison claims that the broad date range in his

---

[3] Harrison also appears to challenge the State's cross-examination of several defense witnesses and the State's comments during closing arguments.  In its appellate brief, the State frames this challenge as a claim of prosecutorial misconduct.  However, Harrison clarified in his reply brief and at oral argument that he did not raise prosecutorial misconduct as an assignment of error; rather, he mentioned the prosecutor's cross-examination of defense witnesses only to demonstrate the difficulty of defending against the three-year date range in his indictment.  Because of Harrison's clarification of his issues on appeal, we decline to address the issue of prosecutorial misconduct.

indictment precluded him from offering an alibi defense. Harrison explains that even though he worked out of town six days a week during the date range in the indictment, "there were still at least three years['] worth of Saturday[s] that he could not account for." Nevertheless, Harrison admits that he "was able to show that he was absent from the home several days each week, and that the children's mother was at the home most of the time, meaning there were very few opportunities for the alleged crimes." Because Harrison raised the non-jurisdictional alleged defect in the indictment for the first time on appeal and failed to offer proof of cause and actual prejudice, we find that this issue is waived. *See Bradshaw*, 371 So. 3d at 831 (¶22); *Baker*, 930 So. 2d at 405 (¶10).

¶8.     Notwithstanding this procedural bar, we find that Harrison's argument fails on the merits. Mississippi Rule of Criminal Procedure 14.1(a)(1) states that an indictment "shall be a plain, concise and definite written statement of the essential facts and elements constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation." MRCrP 14.1(a)(1); *see also Baker*, 930 So. 2d at 404 (¶8) (An indictment acts as a means of informing the criminal defendant "with some measure of certainty as to the nature of the charges brought against him so that he may have a reasonable opportunity to prepare an effective defense . . . ."). For indictments in child sexual-abuse cases, the Mississippi Supreme Court has held that "a specific date . . . is not required so long as the defendant is fully and fairly advised of the charge against him." *Jenkins v. State*, 131 So. 3d 544, 549 (¶14) (Miss. 2013) (quotation marks omitted). We recognize that "[a]n indictment that states a general timeframe for sexual abuse is sufficient." *Bradshaw*, 371 So. 3d at 831

(¶24).

¶9.     Recently, in *Bradshaw*, this Court held that an indictment charging the defendant with a specific offense of sexual battery of a minor within a three-and-a-half-year time frame was not overly broad. *Id*. at 832 (¶26). We explained that the indictment "was crafted specifically to fit with the victim's testimony available at the time of the indictment, and no testimony or evidence came to light before the trial that could have narrowed the timeframe any more than it was." *Id*.

¶10.    Because Harrison was indicted under section 97-3-95(2), we find that the date range in Harrison's indictment is not "of the essence of the offense" because it is undisputed that both N.S. and O.S. were under the age of eighteen at the time of the abuse and that Harrison, as their stepfather, occupied a position of trust over the victims during the date range in the indictment. *See Ellzey v. State*, 412 So. 3d 358, 368 (¶15) (Miss. Ct. App. 2024). Additionally, after reviewing the victims' testimony, we find that the date range in the indictment was not overly broad. Harrison's indictment charged him with sexual battery of N.S.—specifically, that he placed his penis in N.S.'s mouth "on, about, or between" January 1, 2011, and December 31, 2013.[4] The record reflects that N.S. was born in November 2003, and she was eight years old in 2011. N.S. testified at trial that Harrison first sexually abused her in 2011, when she was approximately eight years old. N.S. confirmed that the sexual

---

[4] During the jury instruction conference, the State made an ore tenus motion to amend Count I of Harrison's indictment. Count I charged Harrison with sexual battery of N.S. "on, about, or between" January 1, 2011, and December 31, 2011. Because N.S. testified at trial that the sexual battery occurred between 2011 and 2013, the State moved to amend the date range in Count I to conform with N.S.'s testimony. Harrison's counsel did not object to the amendment of the date range. The circuit court accordingly granted the State's motion.

abuse occurred between approximately 2011 and 2013. Harrison's indictment also charged him with sexual battery of O.S.—specifically, that Harrison placed his finger in O.S.'s vagina "on, about, or between" January 1, 2011, and December 31, 2013. The record reflects that O.S. was born in November 1999, and she was twelve years old in 2011. At trial, O.S. testified that she was approximately ten years old when Harrison began abusing her. However, regarding the indicted charge, O.S. testified that she was approximately twelve or thirteen years old when Harrison first placed his finger in her vagina. As in *Bradshaw*, we find nothing in the record to show that the State had "any evidence which could have further narrowed the timeframe of the indictment." *Bradshaw*, 371 So. 3d at 833 (¶28).

¶11. Furthermore, the record contradicts Harrison's claim on appeal that he was deprived of the ability to provide a defense based on the date range in the indictment. Harrison testified in his own defense at trial. The trial court also heard testimony from ten defense witnesses, all of whom were family and friends of Harrison. The defense witnesses testified that they had spent time with Harrison and the victims during the date range in the indictment and denied observing any inappropriate behavior between Harrison and the victims.

¶12. After our review, we find that the date range in Harrison's indictment was adequate to "fully notify [Harrison] of the nature and cause of the accusation" against him. MRCrP 14.1(a)(1). We therefore find no error, and we affirm Harrison's convictions and sentences.

¶13. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., WESTBROOKS, McDONALD, LAWRENCE, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**

6