754 So.2d 613 (2000)
Robert FITZGERALD, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-CP-01276-COA.
Court of Appeals of Mississippi.
January 25, 2000.
*614 Appellant pro se.
Office of the Attorney General by Scott Stuart, Attorney for Appellee.
BEFORE McMILLIN, C.J., IRVING, LEE, AND THOMAS, JJ.
LEE, J., for the Court:
¶ 1. This pro se appeal involves a challenge to the validity of a conviction of burglary entered upon a plea of guilty. Upon examination of the record, we find the plea to have been knowingly and voluntarily entered, and that there is a substantial evidentiary basis undergirding the judgment of conviction entered thereon. Furthermore, we have determined that the appellant received more than effective assistance of counsel incident to the plea and all prior proceedings. Finding no reversible error, the judgment of the Circuit Court of Adams County denying post-conviction relief is affirmed.

STATEMENT OF THE FACTS
¶ 2. On or about November 27, 1994, Robert Fitzgerald broke into Scott's Welding in which building goods, merchandise, and other valuable items were kept. Fitzgerald was arrested while still inside the building, and an airgun which had been stolen from the building next door was found nearby. Fitzgerald claimed that he entered the building during the night *615 through an open window to spend the night.
¶ 3. Fitzgerald was subsequently indicted by the Adams County Grand Jury for three counts of burglary of a commercial building pursuant to Miss.Code Ann. § 97-17-33 (Rev.1994). After initially having entered a plea of not guilty to all three counts, Fitzgerald pled guilty pursuant to a plea agreement and was sentenced to seven years on Count I as an habitual offender within the realm of Miss.Code Ann. § 99-19-81 (Rev.1994). Counts II and III were retired and other charges pending in Franklin County were dropped.
¶ 4. Fitzgerald then filed a motion to vacate and set aside conviction and sentence under the Post-Conviction Collateral Relief Act, Miss.Code Ann. § § 99-39-1 to 99-39-29 (1994 and Supp.1999). The court, finding no merit to the allegations set forth in the motion by Fitzgerald, found that an evidentiary hearing was not required and granted no relief. He now appeals from the denial of that motion.

SUMMARY OF THE ARGUMENT
¶ 5. The appellant asserts two errors as the basis for this appeal. First, he claims that his guilty plea was not entered freely, voluntarily, and intelligently because he was confused when he was before the court. Second, he asserts that he was denied effective assistance of counsel because his counsel allowed him to plead guilty even though counsel knew Fitzgerald was confused. Other reasons cited for supporting his ineffective assistance claim include both attorneys' failure to develop defense strategies and failure to attack the alleged defective indictment.

ISSUES

I. DID THE APPELLANT ENTER HIS GUILTY PLEA FREELY, VOLUNTARILY, AND INTELLIGENLY?
¶ 6. In reviewing a trial court's decision to deny a motion for post-conviction relief the standard of review is clear. We will not reverse such a denial absent a finding that the trial court's decision was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567 (Miss.1999).
¶ 7. Though we are aware that the presence of the appropriate boiler plate language alone in a petition to enter a guilty plea will not suffice to show that the guilty plea is validly entered, the record shows that Fitzgerald jumped through all the requisite procedural hoops necessary for entering a valid guilty plea. We find that his sworn petition to enter a plea of guilty not only contains the essential and indispensable terminology as required by Uniform Rules of Circuit and County Courts 8.04(3-4) but is also supported at the entry of the guilty plea by Fitzgerald's assertions made while under oath.
¶ 8. Fitzgerald told the trial judge that he had read the petition to enter a plea of guilty and had reviewed it with counsel and that he understood it and that it was correct. He said that he had a ninth grade education and read the Bible, that he was not under the influence of drugs or intoxicants, and that he understood the charges against him. He also said that he understood that the minimum he could receive would be a suspended sentence, and the maximum would be seven years without parole. The judge told Fitzgerald that he appeared confused. Fitzgerald responded that he thought slowly but was okay. The judge told him to stop her if he needed to, and he said that he understood. Fitzgerald said that no one had threatened him or promised him anything in order to induce a guilty plea. He said that he knew he was giving up his rights against self-incrimination, the right to a jury trial and a unanimous jury verdict, the right to confront witnesses against him and have his lawyer cross-examine them, and the right to testify or to choose not to testify. He said that he knew he was waiving his right to challenge the composition of the grand jury that indicted him. Fitzgerald acknowledged that he was satisfied with *616 counsel, and that he believed that he had been properly counseled by him.
¶ 9. Fitzgerald's counsel said that he had spoken with Fitzgerald that day and that he saw nothing to indicate that he was under the influence of intoxicants or drugs. He said that he had advised Fitzgerald of his constitutional rights, and that he had sufficient time to discuss Fitzgerald's case with him and his decision to enter a guilty plea.
¶ 10. The district attorney said that Fitzgerald was found in the building hiding inside of a truck, that he had gained entry to the building from a window, and that an air pistol was found outside of the window. It was later determined that the air pistol had been stolen from the business next door, which was Count III of the indictment.
¶ 11. Fitzgerald's response to this was that he was not hiding in the truck. He said that the owner came to the truck, saw him sleeping and called the police. Defense counsel said that he believed there was a reasonable basis upon which to base the plea and the trial judge found that, based upon the statements of the district attorney and the defendant, she believed there was a reasonable basis to find Fitzgerald guilty of burglary of a commercial building as an habitual offender. Fitzgerald apologized to the people he victimized. After determining that the plea was knowingly, freely, voluntarily, intelligently, and understandingly made, the judge accepted the plea. Fitzgerald was sentenced to a term of seven years to serve as an habitual offender.
¶ 12. The record supports a finding that Fitzgerald understood the nature of the charges against him, his rights, and the consequences of entering a plea of guilty. Fitzgerald has not demonstrated that he had sufficient defenses to any of the charges that would have made going to trial the better option, especially in light of the fact that counsel for Fitzgerald negotiated a plea agreement whereby the State agreed to move to dismiss two of the three counts in the indictment and to urge that charges not be pursued in Franklin County. Further, he has not shown that he was coerced or given improper promise or reward that induced the plea. Adhering to our standard of review for post-conviction relief requiring a finding that the trial court's decision was clearly erroneous in order to merit reversal, upon review of the plea and its entry under oath, we find that no such error exists. Kirksey, 728 So.2d at 567. Consequently, we find no merit to this argument.

II. WAS FITZGERALD DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 13. The two-part test announced in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is our standard of review for resolving whether counsel was effective. In Mohr v. State, 584 So.2d 426, 430 (Miss. 1991), the Mississippi Supreme Court explained the application of the Strickland two-part test, which requires that the movant show: (1) counsel's performance was deficient and that the deficient performance prejudiced the defense, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. As a legal construct, it is presumed "that trial counsel's conduct is within the wide range of reasonable conduct and that decisions made by counsel are strategic." Edwards v. State, 615 So.2d 590, 596 (Miss.1993). "The [Strickland] standard for proving ineffective assistance of counsel makes the charge difficult to establish and appropriately so." Knox v. State, 502 So.2d 672, 676 (Miss.1987).
¶ 14. In claiming that he was denied effective assistance of counsel, Fitzgerald contends that his first lawyer induced him to enter a plea when Fitzgerald actually wanted to go to trial and argues that he relied on his advice. He also asserts that the first lawyer violated his Fourteenth Amendment rights by allowing a detective *617 to be present while he was meeting with the lawyer.
¶ 15. Fitzgerald's assertions against his first lawyer ceased to be relevant to the question of denial of effective assistance of counsel after he was discharged. The record shows that Fitzgerald's first lawyer withdrew and did not participate when Fitzgerald entered his guilty plea. Even if this lawyer was vindictive toward Fitzgerald, as he claims in his brief, the lawyer was no longer in a position to influence Fitzgerald after the lawyer was discharged. His claim of inadequate representation is not supported by the record. As a reviewing court, we cannot consider a matter which is not included in the record before us. Smith v. State, 572 So.2d 847, 849 (Miss.1990).
¶ 16. Fitzgerald also claims that his first lawyer allowed his privacy to be invaded and thus violated his Fourteenth Amendment rights by allowing a detective to come into the room while the lawyer met with Fitzgerald. We are not certain as to which meeting Fitzgerald refers. However, the only such reference appearing in the record is in regard to Detective Roosevelt Owens, who signed an affidavit certifying that he witnessed Fitzgerald state at a meeting that he no longer desired the services of that attorney, and that Fitzgerald wanted another attorney to represent him. The record also shows that the first lawyer filed a motion to withdraw and be removed from counsel for cause. This motion refers to Owens as a witness at this same meeting. A review of the motion and affidavit indicates that Owens was present at the meeting for the purpose of serving as a witness for the attorney and that the decision that the first attorney would withdraw from representing Fitzgerald had already been made at that time. The record shows that Fitzgerald rejected the entry of a plea at that time and indicated to counsel that he no longer wanted him to be his lawyer. Fitzgerald has failed to show how the detective's presence at such a meeting resulted in prejudice to him and how the proceedings would have been different had the detective not attended that meeting. The Strickland test has thus not been satisfied. Strickland, 466 U.S. at 687, 104 S.Ct. 2052.
¶ 17. Fitzgerald also claims that his second lawyer allowed him to plead guilty even though the lawyer knew Fitzgerald was confused and also that the lawyer should have attacked the indictment and insisted that Fitzgerald go to trial instead of entering a guilty plea. The record is clear and supports a finding that Fitzgerald knew what the charges were against him, and that he knew the consequences of the guilty plea. Though the judge told Fitzgerald that he looked confused, Fitzgerald responded that he thought slowly but that he was okay. The judge told Fitzgerald at that point to stop her if he needed to do so, and he responded that he understood.
¶ 18. Fitzgerald also argues that he was denied effective assistance of counsel because his indictment was defective and counsel failed to move to quash it. He claims that the indictment was defective because it did not contain an affidavit by the foreman. The Mississippi Supreme Court discussed the effect of the absence of the affidavit of the foreman in Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990), and held that such a defect was technical and non-jurisdictional, thus waived by the entry of the plea of guilty. The court in Brooks also found that the signing by the jury foreman and the stamp showing "filed" by the circuit clerk provided sufficient legal evidence to negate the defendant's claims. The record shows that the indictment charging Fitzgerald is signed by the foreman of the grand jury, dated, marked, filed, and signed by the clerk of the court, in accordance with Miss.Code Ann. § 99-7-9 (Rev.1994) and thus sufficient as legal evidence of the finding and presenting to the court of the indictment. Brooks, 573 So.2d at 1354. Any defect was curable and little would have been gained *618 by demurring to the indictment. We find that counsel exercised reasonable trial strategy. By not attacking the indictment and litigating the case sub judice, he chose not to risk having a favorable recommendation from the State withdrawn.
¶ 19. Fitzgerald does not demonstrate that he suffered prejudice, nor was there a reasonable probability, but for the counsel's errors, that the result would have been different, as required to prove ineffective assistance of counsel. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. Upon review, we have found defense counsel acted with reasonable professional judgment and was well above the bare minimum in performance. Fitzgerald was arrested inside the business and an airgun that had been stolen from the business next door was found nearby. He was charged in the indictment on two additional counts of burglary. As a part of the plea bargain, the other two counts in the indictment were dismissed, and it was also agreed that additional charges in Franklin County would not be pursued. Counsel effectively reduced Fitzgerald's time to serve from a potential twenty-one years without eligibility for parole, plus whatever sentence he would have received for the Franklin County charges, to seven years without parole. Fitzgerald has not met the burden of proving that counsel performed in a deficient manner.

CONCLUSION
¶ 20. Upon a careful review of the record and particularly the course of proceedings before the Circuit Court of Adams County on Fitzgerald's guilty plea, we find that his rights were scrupulously regarded. We also find that Fitzgerald has not met his burden of proving that counsel performed in a deficient manner for the purpose of maintaining an ineffective assistance of counsel claim. The court was well within its authority when it denied Fitzgerald post-conviction relief.
¶ 21. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.