PROCEDURAL HISTORY
PAYNE, J.,
For The Court:
¶ 1. In August 1999, Tyrone McDonald was indicted for the offense of sale of cocaine within fifteen hundred feet of a church in violation of Miss.Code Ann. § 41-29-139 (Supp.2000). In January 2000, a Claiborne County Circuit Court jury found McDonald guilty of this charge. He was sentenced to serve twelve years in the custody of the Mississippi Department of Corrections. McDonald filed a motion for new trial, which was denied, and he now appeals to this Court.
FACTS
¶ 2. The afternoon of July 9, 1999, Tyrone McDonald and several of his friends were hanging around a store in Port Gibson. A truck drove up to the store, and McDonald went over to the truck to see what the driver wanted. The driver of the truck was confidential informant Ross Kyzer, and Agent A1 Jobe of the North Central Task Force was a passenger in the vehicle. Agent Jobe asked McDonald for “a forty,” which was slang for forty dollars worth of drugs. McDonald went back over to his group of friends, then returned to the truck and made the exchange of crack cocaine for the forty dollars. Using a surveillance video, Agent Jobe recorded the events surrounding the alleged sale. As described herein, we find the trial court’s decision was proper, and we affirm.
ANALYSIS OF THE ISSUES
STANDARD OF REVIEW
¶ 3. Appellant Tyrone McDonald raises the following issues with this appeal:
I. WHETHER THE VERDICT RETURNED BY THE CLAIBORNE COUNTY PETIT JURY ON THE TWELFTH DAY OF JANUARY 2000 WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND MANIFESTLY WRONG AS A MATTER OF LAW.
II. WHETHER APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
III. WHETHER APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS BY THE DENIAL OF A PRELIMINARY AND/OR OMNIBUS HEARING.
¶ 4. Concerning McDonald’s first issue, our standard of review concerning weight of the evidence is enunciated in McClain v. State, 625 So.2d 774 (Miss.1993):
Matters regarding the weight and credibility of the evidence are to be resolved by the jury....
Moreover, the challenge to the weight of the evidence via motion for a new trial implicates the trial court’s sound discretion. Procedurally such challenge nec *449 essarily invokes [Uniform Circuit and County Court Rule 10.05]. New trial decisions rest in the sound discretion of the trial court, and the motion should not be granted except to prevent an unconscionable injustice. We reverse only for abuse of discretion....
McClain, 625 So.2d at 781 (citations omitted).
¶ 5. McDonald’s second issue concerns the effective assistance of his counsel.
The two-part test announced in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ..., is our standard of review for resolving whether counsel was effective. In Mohr v. State, 584 So.2d 426, 430 (Miss.1991), the Mississippi Supreme Court explained the application of the Strickland two-part test, which requires that the movant show: (1) counsel’s performance was deficient and that the deficient performance prejudiced the defense, and (2) there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceedings would have been different. As a legal construct, it is presumed “that trial counsel’s conduct is within the wide range of reasonable conduct and that decisions made by counsel are strategic.” “The [Strickland] standard for proving ineffective assistance of counsel makes the charge difficult to establish and appropriately so.”
Fitzgerald v. State, 754 So.2d 613 (¶ 13) (Miss.Ct.App.2000) (citations omitted).
¶ 6. Finally, McDonald argues that his due process rights were violated since he was not given a preliminary hearing. This is a question of law and we conduct a de novo review on such issues. See Brown v. State, 731 So.2d 595, 598 (Miss.1999) (citations omitted).
DISCUSSION OF THE ISSUES
I. WHETHER THE VERDICT RETURNED BY THE CLAIBORNE COUNTY PETIT JURY ON THE TWELFTH DAY OF JANUARY 2000 WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND MANIFESTLY WRONG AS A MATTER OF LAW.
¶ 7. McDonald claims that his motion for new trial was improperly denied, since the weight of the evidence did not support the verdict. Specifically, he claims that a question existed concerning who exactly participated in the sale. He cites to Agent Jobe’s testimony that Jobe could not recall whether either McDonald or Joe McDaniel was the seller of the drugs. McDonald argues that this discrepancy raises enough doubt for a new trial.
¶ 8. Joseph Turnage, a criminal investigator, testified that he viewed the videotape of the transaction at least fifteen times, and that the tape showed the appellant was the seller. A1 Jobe of the North Central Narcotics Task Force testified that McDonald nodded for him to come over to the truck, Jobe told him he wanted “a forty,” or forty dollars worth of crack cocaine, then McDonald left and came back with the drugs. Agent Jobe also testified that he purchased the drugs from McDonald, and that the videotape showed a fair and accurate depiction of the transaction that occurred on that occasion. Contrarily, McDonald argues that after he went over to the truck and left, another man, named Joe McDaniel, approached the truck and actually made the sale. McDonald claimed that he went over to the truck, Kyzer asked him for a forty, then he went back over and told his friend “Pun-key” what Kyzer had said. McDonald claims he then went back over to the truck, but he only got a cigarette from the *450 driver then left. Agent Jobe admitted that McDaniel did approach the driver’s side of the truck, but McDaniel was not the one who made the sale, McDonald was the culprit.
¶ 9. Recapping our standard of review, we may only find that the weight of the evidence did not support the verdict if we find that the trial judge abused his discretion and that an unconscionable injustice has resulted. McClain, 625 So.2d at 781. We find that the evidence did support the verdict, and no unconscionable injustice has resulted. Though McDonald claims that Joe McDaniel made the sale, Agent Jobe’s testimony and the videotape clearly identify McDonald as the one who sold the drugs. McDonald tries to elicit one phrase from Agent Jobe’s testimony in sole support of his contention that Joe McDaniel sold the drugs, but this excerpt does not sufficiently support McDonald’s allegation.[1] Thus, we conclude that the judge did not abuse his discretion in denying McDonald’s motion for new trial. This issue is without merit.
II. WHETHER APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
¶ 10. As previously stated, in reviewing claims of ineffective assistance of counsel, we look to whether the attorney’s actions were deficient and whether such deficiency acted to prejudice the defendant. Wilson v. State, 775 So.2d 735 (¶ 8) (Miss.Ct.App.2000). McDonald argues that his counsel’s performance was deficient in several different respects. First, McDonald claims his counsel struck Morris Jones as a juror, but then failed to object when the trial court called Morris Jones’s name as a person to serve on the jury. The prosecutor pointed out this discrepancy, but McDonald’s attorney stated he did not strike him. Perhaps this was an oversight on the defense counsel’s part, or perhaps the attorney called him by the wrong name. The transcript shows that persons in the jury pool were named “Morris Jones,” “Morris Minor,” and “Tiffany Jones.” It is not our duty to speculate as to the cause for this confusion. We can logically infer, though, that with these names being similar, the defense counsel could have turned the names around, or perhaps the defense counsel was careless in stating names. Speculation aside, though, this presumed error is not enough to show ineffective counsel. Even if such error was proven, McDonald has not shown that he was prejudiced by Jones’s sitting on the jury, which is the second prong of the Strickland test. Id.
¶ 11. McDonald also claims that his counsel erred in failing to object and move for a mistrial when the prosecutor repeatedly asked McDonald about his drug use. Actually, the record shows differently. McDonald’s attorney did object to the line of questioning concerning McDonald’s past drug use, and the court overruled the objection to allow the prosecution to show motive. McDonald is mistaken concerning the record and again fails to show how he was prejudiced by this alleged error.
¶ 12. McDonald finally argues that Agent Jobe was allowed to repeatedly refer to the substance as “crack cocaine.” He cites to two places in the record where Agent Jobe made such reference. The appellee points out that McDonald’s attorney did object to such reference, which the court sustained. Again, McDonald has shown no prejudicial effect.
*451 ¶ 13. McDonald surmises that “any one of these errors could easily be overlooked as either harmless error or within the ambit of trial strategy. However, the Court is to look to the totality of the circumstances in determining whether counsel’s actions were deficient.” (citing Conner v. State, 684 So.2d 608, 610 (Miss. 1996)), which states, “On review, we look with deference upon counsel’s performance, considering the totality of the circumstances to determine whether it was both deficient and prejudicial.” This statement is accurate; however, in looking to the totality of these allegations, McDonald has not proven that his counsel acted in a deficient manner, nor that he was prejudiced by any of his counsel’s alleged shortcomings. In accordance -with the Strickland guidelines, we find that this ineffective counsel claim is without merit.
III. WHETHER APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS BY THE DENIAL OF A PRELIMINARY AND/OR OMNIBUS HEARING.
¶ 14. McDonald finally argues that he was arrested and held for several days without a preliminary hearing, which he argues is a clear violation of Rules 6.04 and 6.05 of the Uniform Rules of Circuit and County Court Practice, and which he claims also violated his Fourteenth Amendment due process rights. To make such determination, it is necessary for us to review the dates of arrest, arraignment and preliminary hearing. Looking to the record before us, though, no such information is included in the record. Without such information, we cannot assess the alleged violations McDonald claims have occurred.
A court of appeals only acts upon matters contained in the official record and not upon assertions in briefs. “Facts asserted to exist must and ought to be definitely proved and placed before [the Court] by a record, certified by law; otherwise, [the Court] cannot know them.” The Court “does not act upon innuendo and unsupported representation of fact by defense counsel.”
Colenburg v. State, 735 So.2d 1099 (¶ 6) (Miss.Ct.App.1999) (citations omitted).
¶ 15. McDonald also argues he was entitled to an omnibus hearing post-indictment, pursuant to Uniform Rule of Circuit and County Court Practice 9.08. That rule states in part, “An omnibus hearing may be held at the request of an attorney or on the court’s own initiative if the defendant has entered a plea of not guilty.” (emphasis added). Again, the information we need to assess this issue is not contained in the record. We have no indication that McDonald’s attorney asked for such hearing, nor are we told that the judge requested one. Since this is a conditional hearing, being conditioned on having been requested, we find that the absence of such hearing is not a violation of any rule (though we are without recorded evidence to show whether one was actually requested or not). This issue is without merit.
CONCLUSION
¶ 16. As described herein, we find none of McDonald’s issues hold merit. Accordingly, we affirm the trial court on all issues.
¶ 17. THE JUDGMENT OF THE CLAIBORNE COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO CLAIBORNE COUNTY.
*452 McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.

. The testimony McDonald cites to is the cross-examination of Agent Jobe wherein Agent Jobe was asked if he made the buy that day from Joe McDaniel, to which Agent Jobe replied, “Not that I recall.”