758 So.2d 473 (2000)
Morgan V. McCLURG, Jr., a/k/a Morgan V. McClurg, a/k/a Morgan Vance McClurg, Appellant,
v.
STATE of Mississippi, Appellee.
Nos. 98-CP-00298-COA, 98-CA-00398-COA, 98-CP-00488-COA and 98-CP-00580-COA.
Court of Appeals of Mississippi.
April 11, 2000.
*475 Morgan McClurg, Appellant, pro se.
Office of the Attorney General by Deirdre McCrory; Scott Stuart; W. Glenn Watts, Attorneys for Appellee.
BEFORE McMILLIN, C.J., IRVING, AND THOMAS, JJ.
IRVING, J., for the Court:
¶ 1. This appeal involves four consolidated cases for post conviction relief. In each of the causes McClurg pled guilty and now challenges the voluntariness of the pleas, alleging ineffective assistance of counsel. He also alleges that the indictments were defective, the arrests were without probable cause, and denial of an initial appearance. Finding no merit to any of his claims, we affirm.

Facts
¶ 2. In cause 98-CP-00298-COA (case 1), the grand jury of Leflore County indicted McClurg for burglary, and on April 15, 1997, he pled guilty to the charge and was sentenced to a term of seven years in the custody of the Mississippi Department of Corrections. The following January, McClurg filed a motion to vacate the judgment, which was denied on February 4, 1998. This appeal is from the denial of that motion.
¶ 3. In cause 98-CA-00398-COA (case 2), the grand jury of Grenada County indicted McClurg on two counts of grand larceny, and on August 6, 1997, he pled *476 guilty to both of these charges and was sentenced to serve a five-year term, with four years suspended for each count of grand larceny, sentences to run concurrently. On February 13, 1998, McClurg filed a motion to vacate the judgment of conviction and sentence, and this motion was denied on February 27, 1998. This appeal is from the denial of that motion.
¶ 4. In cause 90-CP-00488-COA (case 3), McClurg, on November 12, 1996, entered a plea of guilty in the Circuit Court of the Second Judicial District of Carroll County to an indictment charging him with four counts of commercial burglary and one count of grand larceny, as an habitual offender. He was sentenced as follows on the commercial burglary counts: seven years on count one, seven years on count two with two years suspended and the five years to serve to run consecutively with count one, six years on count three with all time suspended, and seven years on count four to run concurrent with the sentences in counts one and two. He was sentenced on the grand larceny count to serve five years, concurrent with the sentences of counts one and two of the commercial burglary counts. On February 3, 1998, McClurg filed a motion to vacate the judgment of conviction and sentence, and this motion was denied on March 5, 1998. This appeal is from the denial of that motion.
¶ 5. In cause 98-CP-00580-COA (case 4), McClurg was indicted by the grand jury of the First Judicial District of Carroll County for one count of grand larceny and three counts of building burglary. He entered a plea of guilty to all counts and was sentenced to serve five years on the grand larceny and seven years on each of the three burglary counts. The three burglary counts were to run concurrently with each other and consecutively with the grand larceny sentence. The entire sentence was to run concurrently with the twelve-year sentence which had been imposed in cause 98-CP-00488. On January 21, 1998, McClurg filed a motion to vacate the judgment of conviction and sentence, and this motion was denied on March 9, 1998. This appeal is from the denial of that motion.

Analysis of Issues Presented

1. Ineffective assistance of counsel.
¶ 6. The standard of review for ineffective assistance of counsel is set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which was adopted by the Mississippi Supreme Court in Gilliard v. State, 462 So.2d 710, 714 (Miss.1985). The test to be applied is (1) whether counsel's overall performance was deficient and (2) whether or not the deficient performance, if any, prejudiced the defense. Taylor v. State, 682 So.2d 359, 363 (Miss.1996); Cole v. State, 666 So.2d 767, 775 (Miss.1995).
¶ 7. The defendant has the burden of proving both prongs. Id. The adequacy of counsel's performance, as to its deficiency and prejudicial effect, should be measured by a "totality of the circumstances." Id. The level of scrutiny to be applied when measuring the performance of counsel against the deficiency and prejudicial prongs of Strickland is to look at the overall performance. Taylor, 682 So.2d at 363. There is a strong, yet rebuttable, presumption that the actions by the defense counsel are reasonable and strategic. Id. Under the second prong of Strickland, the prejudicial prong, the defendant must show that there was a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
¶ 8. In case 1, McClurg alleges that if his counsel had been competent within the holding of Alexander v. State, 605 So.2d 1170 (Miss.1992) and Rule 1.1 of the Mississippi Rules of Professional Conduct, then McClurg would have been informed of his right to a hearing on the voluntariness of his confession and his right to a defect free indictment. Additionally, counsel *477 would have noticed that McClurg was arrested without a warrant and was entitled to an initial appearance to determine if there was probable cause for his arrest. The lower court found that McClurg failed to meet the standard set forth in Strickland and Gilliard. This Court agrees.
¶ 9. McClurg has not shown that the overall performance of his counsel was deficient nor that the deficiency, if any, prejudiced his defense. McClurg merely makes blanket allegations about things that he says his counsel should have informed him of and then charges counsel with being incompetent. He did not allege in his post conviction relief petition that he pled guilty because of his counsel's incompetence, or stated another way, that he would not have pled guilty but for counsel's omissions which he alleges constitute incompetence. In his brief before this Court, he argues for the first time that but for counsel's lapses he would not have pled guilty. Since that allegation was not raised in his post-conviction relief petition, McClurg is barred from presenting it at the appellate level. Chassaniol v. Bank of Kilmichael, 626 So.2d 127, 133-34 (Miss. 1993). However, even if McClurg had made the allegation in his post-conviction relief petition, his allegation alone, without more, would have been insufficient to carry his burden under Strickland. See Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990).
¶ 10. In case 2, McClurg alleges three grounds on which his counsel was ineffective: 1) his counsel did not question McClurg's illegal arrest; 2) his counsel did not object to the inculpatory statement made by McClurg; 3) his counsel did not demur to the defective indictment. Once again McClurg presents only blanket allegations of things that he says his counsel should have done. These mere allegations fall short of the requirements of Strickland and Gilliard. As in case 1, McClurg did not allege in his post-conviction relief petition that but for counsel's alleged lapses, he would not have pled guilty. He makes that allegation for the first time in his appellate brief. However, it comes much too late for consideration by this Court. Chassaniol, 626 So.2d at 133-34. Even if made, McClurg's allegation alone would be insufficient to meet the Strick-land standards. See Brooks, 573 So.2d at 1354.
¶ 11. In case 3, McClurg argues in his appellate brief that he did not know that he had a right to a hearing on his confession, a right to an initial appearance and that probable cause was needed for his arrest. He claims that had he been aware of these rights, he would not have been satisfied with his counsel and would not have pled guilty. Consequently, he argues that his guilty plea was not knowingly, intelligently, and voluntarily made. Unfortunately for McClurg, he never made such allegations in his post-conviction relief petition. While he complained of alleged deficiencies of counsel, he never alleged that, because of counsel's alleged deficiencies, his plea was not knowingly, intelligently, and voluntarily made. He cannot make these allegations for the first time on appeal. Chassaniol, 626 So.2d at 133-34. But even if McClurg were not precluded from arguing this issue on appeal, his mere allegation alone is not sufficient to satisfy the Strickland requirements. See Brooks, 573 So.2d at 1354. Hence, McClurg has satisfied neither of the required prongs of Strickland. McClurg did allege, however, in his post-conviction relief petition that his trial counsel advised him that McClurg would be sentenced to only two years on a plea of guilty and that all pending charges against him would run concurrently to the sentence pronounced in the case sub judice. However, the transcript of the plea hearing clearly shows that he was advised by the court, prior to acceptance of the guilty plea, of the possible sentences he could receive.
¶ 12. In case 4, McClurg claims in his appellate brief that his counsel never advised him of his trial rights. He further *478 claims that counsel failed to raise certain matters involving McClurg's rights before McClurg entered a plea of guilty, and that his plea was not voluntary because his counsel did not effectively assist him by giving him accurate advice. In a separate assignment of errors he claims further ineffective assistance of counsel in the failure of his counsel to bring the delay of an initial appearance to the attention of the trial court. He claims that he gave his confession before his initial appearance; therefore his plea was not voluntary because of counsel's erroneous advice.
¶ 13. As is the case with the post-conviction relief petitions filed in the other causes, the petition in this case fails to allege that but for counsel's alleged deficiencies, McClurg would not have entered his guilty plea. He does set forth allegations in the petition which he contends amount to ineffective assistance of counsel. However, as in the other cases, he fails to show how counsel's alleged failures resulted in prejudice to him because he did not allege a nexus between counsel's alleged failures and the guilty plea, and even if he had made such an allegation, his blanket allegation alone would not have been sufficient to satisfy the Strickland requirements. See Brooks, 573 So.2d at 1354.

2. Defective indictments
¶ 14. In case 1, McClurg, argues that Walton v. State, 147 Miss. 851, 112 So. 790 (1927), is controlling; it holds: "An indictment found by a grand jury impaneled at a former term of the court, where another term of court has intervened, is without authority to act, and an indictment found by such grand jury thereat is void. The grand jury ceases to be a legal body when a subsequent term of court begins." Id. at 851, 112 So. 790. McClurg states that he was indicted January 27, 1997, for the January term, by the November 1996 grand jury, and under the authority of Tubby v. State, 327 So.2d 272, 275 (Miss. 1976), a grand jury may be impaneled at a regular term of court, and it may be recalled at any time before the next criminal term of court in term time or in vacation, but when a new criminal court is convened, a new grand jury must be impaneled. The old grand jury may, however, report indictments obtained in vacation when it makes its final report for final discharge, but the old grand jury cannot hear evidence and obtain indictments at the second term of the criminal court. McClurg argues that on the basis of Walton and Tubby the indictment was fatally flawed.
¶ 15. The cases relied upon by McClurg pre-date the supplemented version of Miss. Code Ann. § 13-5-39 (Supp.1999) which provides as follows:
Unless otherwise directed by an order of the senior circuit judge, not more than two (2) grand juries shall be drawn or impaneled during a calendar year at or for a term or terms of the circuit court in any county or judicial district of a county; provided, however, upon impanelment, a grand jury may be convened and reconvened in term time and in vacation. It shall continue to serve from term to term until the next grand jury is impaneled, and it may return, indictments to any term of court, notwithstanding that a term, of court at which criminal business may be conducted shall intervene between the time the grand jury is impaneled and the time an indictment is returned (emphasis added).
Accordingly, this Court finds that the indictment is not defective as claimed by McClurg.
¶ 16. In case 2, McClurg claims that his indictment was defective and did not comply with Miss.Code Ann. § 99-7-9 (Rev. 1994), in that it was not properly marked filed. Our examination of the record reveals that McClurg's indictment was marked filed.
¶ 17. In case 3 and case 4, McClurg claims that his indictment was defective in that it did not comply with Miss.Code Ann. § 99-7-2 (Rev. 1994), *479 URCCC 7.07 regarding multi-count indictments, and URCCC 7.08 regarding joinder of defendants. Generally speaking, a valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment or information against a defendant. Brooks, 573 So.2d at 1352. Outside the constitutional realm, the law is settled that with only two exceptions, the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). A plea of guilty does not waive (1) the failure of the indictment to charge a criminal offense or, more specifically, to charge an essential element of a criminal offense, and a plea of guilty does not waive (2) subject matter jurisdiction. Id. It is not necessary to address McClurg's argument on this issue because his guilty plea constituted a waiver of all non-jurisdictional defects, if any, contained in the indictments.
¶ 18. In cases 2, 3 and 4, McClurg also alleged that the indictment was defective in that it did not comply with article 6, section 169 of the Mississippi State Constitution, in that it failed to conclude with the words "against the peace and dignity of the state." We have examined the record and find that in each case, the indictment against McClurg does, in fact, conclude with the words "against the peace and dignity of the state of Mississippi." We find no merit to any of the arguments on this assignment.

3. Denial of initial appearance
¶ 19. In cases 1 and case 2, McClurg claims to have been denied an initial appearance as required by URCCC 6.03 and in case 3 and case 4, he alleges that he was not granted a timely initial appearance. Our examination of the record reveals that McClurg was not granted an initial appearance in Cases 1 and 2 as he alleges, and the record is insufficient to determine whether he was granted a timely initial appearance in cases 3 and 4. However, McClurg offers no proof that the absence of an initial appearance or the delay in granting him one prejudiced him in any way. During the period between the time when he would have had an initial appearance and the time of his guilty pleas he had the benefit of legal counsel to advise him of his rights. While we find that McClurg was not granted an initial appearance in cases 1 and 2, and that this was error, we also find the failure was harmless error. Moreover, when he was indicted by the grand jury, he lost any right he otherwise had to an initial appearance, and when he entered a guilty plea, he waived all rights to any procedural failures in the State's prosecution of him in these causes.

4. Arrest without probable cause
¶ 20. In cases 1, 3 and 4, McClurg simply claims that his arrest was without probable cause. Consequently, this claim is denied. In case 2, McClurg claims that he was arrested on the basis of two illegal and defective affidavits. McClurg contends that the affidavits failed to state that the officer had probable cause to believe that a felony had been committed. McClurg was indicted for the crimes alleged in the affidavits, and he entered a guilty plea to the indictment. The effect of McClurg's guilty plea was to admit all elements of the formal charge. Drennan v. State, 695 So.2d 581, 584 (Miss.1997). There is no merit to this assignment.
¶ 21. THE ORDER OF THE LEFLORE COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEFLORE COUNTY.
¶ 22. THE ORDER OF THE GRENADA COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
*480 ¶ 23. THE ORDERS OF THE CARROLL COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF ARE AFFIRMED. ALL COSTS OF THESE APPEALS ARE ASSESSED TO CARROLL COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.