994 So.2d 878 (2008)
James Earl SPENCER a/k/a James Earl Harris, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-01667-COA.
Court of Appeals of Mississippi.
November 4, 2008.
*879 James Earl Spencer, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before MYERS, P.J., GRIFFIS and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. In May 2004, James Earl Spencer pleaded guilty in the Circuit Court of Lowndes County to burglary as a habitual offender. After finding the plea to have been entered voluntarily and knowingly, the circuit court accepted Spencer's plea and set a date for sentencing. Prior to sentencing, Spencer's indictment was amended to reflect his status as that of a habitual offender under Mississippi Code Annotated section 99-9-81 (Rev.2007). Spencer subsequently filed a pro se motion to withdraw his guilty plea, which the circuit court treated as a motion for post-conviction relief and dismissed.
¶ 2. The circuit court sentenced Spencer to twenty-five years in the custody of the Mississippi Department of Corrections, with no eligibility for parole or early release. It is from the dismissal of his motion for post-conviction relief that Spencer now appeals, asserting that: (1) his indictment was improperly amended to reflect his status as a habitual offender; (2) the circuit court failed to adequately inform him of the consequences of his guilty plea; (3) the State forged the transcript it provided of his original plea hearing; (4) he received ineffective assistance of counsel; and (5) the circuit court erred in denying him an evidentiary hearing on his motion for post-conviction relief.
¶ 3. Finding no error, we affirm the judgment of the circuit court dismissing Spencer's motion for post-conviction relief.

DISCUSSION

1. Spencer's indictment was properly amended.
¶ 4. Spencer asserts that his indictment for burglary was improperly amended to reflect his status as a habitual offender after his guilty plea was accepted. However, Rule 7.09 of the Uniform Rules of Circuit and County Court expressly permits an indictment to be amended to charge a defendant as a habitual offender. URCCC 7.09. The only limiting factors *880 are that the defendant be afforded a fair opportunity to present a defense and that he not be unfairly surprised. Id.
¶ 5. In this case, the prosecution filed two motions to amend Spencer's indictment to reflect his status as a habitual offender. One was filed in May 2004 and the other in early June 2004. Spencer was not sentenced until August 17, 2004. Therefore, Spencer was not unfairly surprised by the amendment to charge him as a habitual offender. Furthermore, any defense he wished to raise concerning the amendment of his indictment could have been prepared in the interval between the first motion filed in May and the sentencing hearing in August; therefore, the defense could have been raised during his sentencing. Accordingly, we find that Spencer's argument on this issue is without merit.

2. The circuit court adequately informed Spencer of the consequences of his plea.
¶ 6. Spencer correctly notes in his brief that it is the duty of the trial court when accepting a plea of guilty to engage in a colloquy with the accused and make sure that the accused understands the nature and consequences of the plea, including the maximum and minimum penalties provided by law. URCCC 8.04(A)(4)(b). Spencer argues that he was not adequately informed of the consequences of his plea, and this Court should, therefore, overturn his conviction.
¶ 7. The record, on the other hand, clearly indicates that the trial judge engaged in a colloquy with Spencer on the nature and consequences of his guilty plea, including the maximum and minimum penalties. The following exchange is excerpted directly from the record of Spencer's plea hearing:
The Court: You understand that on a plea of guilty to this charge as [a] habitual offender, the only sentence I can sentence you to then would be the maximum sentence?
Spencer: Yes, sir.
The Court: That's twenty-five years and a fine of $10,000.00.
Spencer: Yes, sir.
The Court: The only sentence I can do. Do you understand that?
Spencer: Yes, sir.
¶ 8. Given the exchange recorded above, the trial judge clearly met the requirements of Rule 8.04(A) by informing Spencer of the consequences of his plea, including the possible penalties. Therefore, we find that this issue is without merit.

3. No evidence exists that the State forged the records and transcripts in this matter.
¶ 9. Spencer asserts that the records and transcripts the State has provided in this case are forged, and that he never participated in a plea hearing; however, he offers no evidence to support this assertion. The Mississippi Supreme Court has repeatedly held that "[i]t is the duty of an appellant to provide authority and support of an assignment of error." Wilcher v. State, 863 So.2d 776, 811 (¶ 102) (Miss. 2003). If the appellant does not provide this authority and support, the appellate court has no duty to consider the assignment of error. Hoops v. State, 681 So.2d 521, 526 (Miss.1996). Therefore, we find that this issue is without merit.

4. Spencer received effective assistance of counsel.
¶ 10. Spencer claims that he received ineffective assistance of counsel during his guilty plea hearing because: (1) his attorney failed to object to the State's amendment *881 of his indictment to reflect his status as a habitual offender, and (2) his counsel failed to inform him that he was subject to a maximum and mandatory sentence of twenty-five years as a habitual offender.
¶ 11. Claims of ineffective assistance of counsel are governed by the two-part test set out in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by our supreme court in Stringer v. State, 454 So.2d 468, 476-77 (Miss.1984). In order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate that his or her counsel's performance was deficient, and that, but for the deficiency, the outcome of the case would have been different. Donnelly v. State, 841 So.2d 207, 211(¶ 8) (Miss.Ct.App.2003) (citing Strickland, 466 U.S. at 687, 104 S.Ct. 2052). Specifically, when challenging a guilty plea based on ineffective assistance of counsel, a convicted defendant "must show unprofessional errors of substantial gravity." Reynolds v. State, 521 So.2d 914, 918 (Miss.1988). In addition, the defendant "must show that those errors proximately resulted in his guilty plea and that but for counsel's errors he would not have entered the plea." Id.
¶ 12. First, we have already addressed the issue of how Spencer's indictment was properly amended to reflect his status as a habitual offender. Therefore, we cannot say that the performance of his counsel was deficient by failing to object to that amendment at trial. Second, the circuit court clearly informed Spencer of the consequences of his guilty plea before accepting it. As a result of that voluntary plea, Spencer's counsel apparently had another pending felony charge against Spencer dismissed. Therefore, we cannot say that the performance of Spencer's counsel was deficient in this respect either. Accordingly, we find that Spencer's arguments on this issue are without merit.

5. The circuit court did not err in denying Spencer an evidentiary hearing on his motion for post-conviction relief.
¶ 13. A trial court enjoys wide discretion in determining whether an evidentiary hearing should be granted. Hebert v. State, 864 So.2d 1041, 1045(¶ 11) (Miss.Ct.App.2004). This Court recognizes that "[n]ot every motion for post-conviction relief filed in the trial court must be afforded a full adversarial hearing." Id. The statute relating to post-conviction relief includes the following provision: "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified." Miss.Code Ann. § 99-39-11(2) (Rev.2007). "Furthermore, where the trial court summarily dismisses the post-conviction relief claim, it does not have an obligation to render factual findings and `this Court will assume that the issue was decided consistent with the judgment and [these findings] will not be disturbed on appeal unless manifestly wrong or clearly erroneous.'" Culbert v. State, 800 So.2d 546, 550(¶ 9) (Miss.Ct.App.2001) (quoting Par Indus. v. Target Container Co., 708 So.2d 44, 47(¶ 4) (Miss.1998)).
¶ 14. We find that the circuit court's dismissal is consistent with the evidence and testimony presented in the record. Accordingly, we find that this issue is without merit.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS *882 APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.