MAXWELL, J.,
 

 for the Court.
 

 ¶ 1. On August 4, 1999, Willie Rudolph Smith pleaded guilty in the Harrison County Circuit Court to transfer of a controlled substance. He was sentenced as a habitual offender to fifteen years in the custody of the Mississippi Department of Corrections. On October 25,1999, he filed an initial petition for post-conviction relief (PCR). The circuit court neglected to rule on his initial petition, and Smith failed to secure a final judgment on this PCR petition. Smith filed a second PCR petition on December 17, 2007, more than eight years later. His second PCR petition raised substantially the same issues as his first.
 

 ¶ 2. On September 9, 2008, the trial court considered both of Smith’s PCR petitions and by order dated that same day, denied Smith’s original PCR petition on the merits, and denied Smith’s second PCR petition as both time-barred and without merit. Aggrieved, Smith appeals the trial court’s denial of his PCR petitions and raises essentially the following three issues: (1) his indictment was defective; (2) his guilty plea was obtained through the use of threats and coercion; and (3) his sentence exceeds the statutory maximum authorized by law.
 

 ¶ 3. Though Smith was only granted leave by the trial court to proceed in forma pauperis on his second PCR petition, we note that the trial court addressed and denied both of his PCR petitions in the September 9, 2008, order from which he appeals. Thus, we will consider the trial court’s denial of both petitions. In doing so, we affirm the circuit court’s denial of both of Smith’s PCR petitions. Specifically, we find the claims contained in his first PCR petition lack merit, and his second PCR petition was filed outside of the three-year statute of limitations.
 

 STANDARD OF REVIEW
 

 ¶ 4. When reviewing a trial court’s denial of a petition for post-conviction relief, “our standard of review is well stated. We will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.”
 
 Williams v. State,
 
 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). “However, where questions of law are raised[,] the applicable standard of review is de novo.”
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999).
 

 DISCUSSION
 

 I. Smith’s First PCR Petition
 

 A. The Indictment
 

 ¶ 5. Smith initially claims in his first PCR petition that his indictment was improperly amended on the day he entered his guilty plea to reflect his habitual-offender status. We find nothing improper with the trial court’s decision to proceed in this manner. In fact, this Court has previously upheld a
 
 post-guilty
 
 plea amendment to an indictment to reflect a defendant’s habitual-offender status.
 
 Spencer v. State,
 
 994 So.2d 878, 879(¶ 5) (Miss.Ct.App.2008). The only requirement for amending an indictment to charge a defendant as a habitual offender is that
 
 *551
 
 “the defendant be afforded a fair opportunity to present a defense and that he not be unfairly surprised.”
 
 Id.
 
 at 880. For reasons discussed later in this opinion, we find Smith was given ample opportunity to present defenses and was not surprised by the State’s decision to seek enhanced penalties based on his habitual-offender status.
 

 ¶ 6. Smith next claims his indictment was defective because it contained clerical errors concerning his name, social security number, and date of birth. The primary purpose of an indictment is to put a defendant on notice of the charges against him so he is able to prepare an adequate defense.
 
 Evans v. State,
 
 916 So.2d 550, 551(¶ 5) (Miss.Ct.App.2005). When an indictment sufficiently puts a defendant on notice of the charges against him, minor technical errors are deemed harmless.
 
 Cooper v. State,
 
 639 So.2d 1320, 1323 (Miss.1994);
 
 Brooks v. State,
 
 573 So.2d 1350, 1353-54 (Miss.1990) (technical and non-jurisdictional deficiencies were waived when defendant failed to raise them in the lower court).
 

 ¶ 7. Also, it is well settled that defects in indictments resulting from clerical errors in names, dates of birth, and social security numbers are non-jurisdictional.
 
 See, e.g., Evans v. State,
 
 988 So.2d 404, 407 (¶¶ 16-17) (Miss.Ct.App.2008) (name of defendant in indictment is non-jurisdictional);
 
 Gray v. State,
 
 926 So.2d 961, 974(¶ 39) (Miss.Ct.App.2006) (birth date and social security number of defendant is non-jurisdictional).
 

 ¶ 8. Smith does not claim he lacked notice of the charges against him or that the wrong person was indicted. Furthermore, because' Smith entered a guilty plea, he waived any, and all, potential non-jurisdictional defects.
 
 Brooks,
 
 573 So.2d at 1352;
 
 McClurg v. State,
 
 758 So.2d 473, 479(¶ 17) (Miss.Ct.App.2000). This issue is without merit.
 

 B. Smith’s Guilty Plea Was Not Obtained Through Threat or Coercion
 

 ¶ 9. A plea is voluntary and intelligent when the defendant is informed of the charges against him and the consequences of his plea.
 
 Alexander v. State,
 
 605 So.2d 1170, 1172 (Miss.1992). Smith contends his plea was not voluntarily entered because his counsel informed him for the first time, in open court, that as a habitual offender he faced the possibility of a life sentence. Smith claims he was coerced into his guilty plea because he was only given fifteen minutes to decide whether to enter a guilty plea or risk a guilty verdict and a life sentence. The record, however, contradicts Smith, as he was clearly on notice that the State might possibly amend his indictment. In fact, the State moved to amend his indictment to reflect habitual-offender status over a month prior to Smith’s entry of his guilty plea. The record also reveals that Smith repeatedly sought to obtain counsel who would assure him the State would not seek enhanced penalties, which indicates he was aware of the State’s authority to proceed under the habitual-offender statute.
 

 ¶ 10. In
 
 Spencer v. State,
 
 994 So.2d 878, 880-81 (¶¶ 6-12) (Miss.Ct.App.2008), this Court held that when an indictment was amended to reflect habitual-offender status, and a defendant was given notice of the amendment weeks in advance of entering a guilty plea, the amendment did not render the plea involuntary. Because we find Smith had adequate notice of the possibility that the State would seek enhanced penalties, this issue is without merit.
 

 C. Illegal Sentence
 

 ¶ 11. Smith merely repeats his previous arguments that because his indictment was
 
 *552
 
 defective he received an illegal sentence. As discussed earlier, there was no error in amending Smith’s indictment to reflect habitual-offender status, and any other non-jurisdictional defects that may have existed were waived by the entry of his guilty plea. Smith faced life imprisonment as a habitual offender. It is not illegal, nor uncommon, for a defendant to plead guilty to avoid a potentially more severe sentence as a habitual offender.
 
 See, e.g., Lewis v. State,
 
 797 So.2d 248, 249(¶ 1) (Miss.Ct.App.2001). We next turn to Smith’s second PCR petition.
 

 II. Smith’s Second PCR Petition
 

 ¶ 12. In addressing Smith’s second PCR petition, we note that claims for post-conviction relief from a judgment of conviction must be made within three years after an entry of the judgment of conviction. Miss.Code Ann. § 99-39-5(2) (Rev. 2007). However, several statutory exceptions to the three-year statute of limitations exist:
 

 Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
 

 Miss.Code Ann. § 99-39-5(2).
 

 ¶ 13. Smith’s second PCR petition included essentially the same allegations as the first petition. He does not contend the claims contained in his second PCR petition are in any way excepted from the time bar, and we find no applicable exceptions to the bar. The statute of limitations expired in 2001, and Smith filed his second PCR petition in 2007, more than six years too late. Accordingly, we affirm the circuit court’s finding that Smith’s second PCR petition was time-barred.
 

 ¶ 14. For reasons discussed herein, we affirm the trial court’s denial of both of Smith’s PCR petitions.
 

 ¶ 15. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING THE PETITIONS FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.