LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. Elroy Kennedy was indicted on July 22, 2009, by a Choctaw County grand jury for statutory rape of a child under fourteen years of age. Kennedy pleaded guilty to the crime and was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections.
¶ 2. On April 26, 2012, Kennedy filed a petition for post-conviction relief in the Choctaw County Circuit Court, which was subsequently denied. This appeal followed.
STANDARD OF REVIEW
¶ 3. When reviewing a trial court’s denial of a petition for post-conviction relief, we will only disturb the trial court’s factual findings if they are clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of review. Doss v. State, 19 So.3d 690, 694 (¶ 5) (Miss.2009) (citations omitted).
DISCUSSION
¶ 4. Kennedy appeals, arguing the trial court erred in denying his petition for post-conviction relief because: (1) he was never indicted by the grand jury; (2) the indictment was defective because it did not contain the foreman’s affidavit; (3) his guilty plea was involuntary; and (4) his counsel was ineffective. We will address the first three issues together, as they are related.
I. INDICTMENT AND GUILTY PLEA
¶ 5. Kennedy argues that he was never indicted by the grand jury because the indictment contains conflicting dates, which indicated that the indictment was forged. He also claims that the indictment was defective because it did not contain the foreman’s affidavit. Additionally, he asserts that if he had known about the faulty indictment, he would not have pleaded guilty, therefore making his guilty plea involuntary.
¶ 6. This Court has repeatedly found that “a valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment or information against a defendant.” McClurg v. State, 758 So.2d 473, 479 (¶ 17) (Miss.Ct.App.2000) (citations omitted). However, a guilty plea “does not waive (1) the failure of the indictment to charge a criminal offense or, more specifically, to charge an essential element of a criminal offense, and ... (2) subject[-]matter jurisdiction.” Id. (citing Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989)).
¶ 7. Kennedy claims that his guilty plea was involuntary. As stated above, in order for defects in an indictment to be waived, the guilty plea must be voluntary. A guilty plea meets the requisite *686 voluntary standard where “the defendant is advised concerning the nature of the charge against him and the consequences of the plea[,]” specifically “that his guilty plea waives multiple constitutional rights.” Hill v. State, 60 So.3d 824, 828 (¶ 11) (Miss.Ct.App.2011) (citations omitted). The burden is on Kennedy “to show his plea was not voluntary.” Id.
¶ 8. The only support Kennedy gives for this argument is that if he had known of the defects in the indictment, he would not have pleaded guilty, and “there would have been a reasonable probability that the outcome of the trial would have been different.” During his guilty-plea hearing, the trial court advised him of the charges against him, the potential sentence, and the constitutional rights he was waiving by pleading guilty. Kennedy stated that he understood the rights he was waiving by pleading guilty. Additionally, Kennedy stated he was pleading guilty because he did not want his daughter to see the trial. The State offered the facts it intended to prove if the case went to trial, and Kennedy stated that he agreed with those facts. The trial court inquired, “[A]re you pleading guilty because you are, in fact, guilty?” And Kennedy answered, “Yes, sir.”
¶ 9. The record is clear that Kennedy was advised concerning the nature of the charge against him and the consequences of the plea, and he stated that he understood both. The Mississippi Supreme Court has held that “[s]olemn declarations in open court carry a strong presumption of verity.” Mowdy v. State, 638 So.2d 738, 743 (Miss.1994) (citations omitted). Also, Kennedy fails to offer any proof that his plea was not voluntary. As a result, we find that Kennedy’s guilty plea was voluntary.
¶ 10. When Kennedy entered his valid guilty plea, he waived all non-jurisdictional defects in the indictment. See McClurg, 758 So.2d at 479 (¶ 17). Kennedy does not assert that the indictment failed to charge a criminal offense, or that the trial court did not have subject-matter jurisdiction; therefore, he fails to meet either exception to the waiver. See id. Additionally, Kennedy failed to object to the indictment. This Court has stated numerous times that “[n]ew issues not presented to the trial court for resolution may not be raised for the first time on appeal.” Bates v. State, 879 So.2d 519, 522 (¶ 7) (Miss.Ct.App.2004). This issue is without merit.
II. INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 11. Kennedy argues that his trial counsel was ineffective by failing to object to the alleged defects in the indictment. To succeed on an ineffective-assistance-of-counsel claim, Kennedy must show that his trial counsel’s performance was deficient and that he was prejudiced by that deficiency. See McCollum v. State, 81 So.3d 1191, 1192-93 (¶ 8) (Miss.Ct.App.2012) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Since Kennedy’s claim stems from a guilty plea, he must show that his “counsel’s errors proximately resulted in the guilty plea and, but for [his] counsel’s error, [he] would not have entered the guilty plea.” Id. (quoting Deloach v. State, 937 So.2d 1010, 1011 (¶ 5) (Miss.Ct.App.2006)).
¶ 12. During his guilty-plea hearing, Kennedy stated that he had no complaints about his trial counsel’s representation. When the trial court asked Kennedy if there was anything he wanted his trial counsel to do that he did not do, Kennedy stated, “No, sir.” Kennedy also stated that he agreed with the facts the State claimed it could prove, and that he was pleading guilty because he was guilty.
*687 ¶ 13. Mississippi Code Annotated section 99-39-9(l)(e) (Supp.2012) requires that “[a]ffidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the [petition for post-conviction relief].” Here, Kennedy does not offer any affidavits in support of his contention. Kennedy fails to offer any evidence that his trial counsel’s performance was deficient, and he fails to state how he was prejudiced. Therefore, we find that the trial court’s denial of Kennedy’s petition for post-conviction relief was not clearly erroneous.
¶ 14. THE JUDGMENT OF THE CHOCTAW COUNTY CIRCUIT COURT DENYING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CHOCTAW COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.