## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-01697-COA

SENQUE WRIGHT A/K/A SENQUE SANTANZE          APPELLANT
WRIGHT

v.

STATE OF MISSISSIPPI          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/03/2017 |
| TRIAL JUDGE: | HON. DINA RICHELLE LUMPKIN |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SENQUE WRIGHT (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/13/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., WILSON AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1. Senque Wright pleaded guilty to conspiracy to possess precursor chemicals in 2011. After violating his non-adjudication order, Wright was sentenced to serve eight years in the custody of the Mississippi Department of Corrections (MDOC). In 2016, Wright filed a motion for post-conviction relief (PCR) and now appeals the Pearl River County Circuit Court's denial of his motion. Finding no error, we affirm.

### FACTS

¶2. On February 17, 2011, Wright and Matthew Marcel were jointly indicted in Pearl River County on two counts: one count of possession of precursor chemicals, with the intent

to unlawfully manufacture a controlled substance in violation of Mississippi Code Annotated section 41-29-313 (Rev. 2010); and one count of manufacturing a controlled substance in violation of Mississippi Code Annotated section 41-29-139(a) (Rev. 2010). The indictment also included a sentence enhancement under Mississippi Code Annotated section 41-29-142(1) (Rev. 2010) for manufacturing a controlled substance within 1,500 feet of a church.

¶3. On June 28, 2011, at Wright's plea qualification hearing, it was agreed by Wright, his defense attorney, the assistant district attorney, and the acting circuit court judge that Wright would enter a guilty plea to a reduced charge of conspiracy to possess precursor chemicals in violation of Mississippi Code Annotated section 97-1-1 (Rev. 2007) and, in return, counts I and II of the indictment would be dismissed. At that time, the circuit court entered an order of non-adjudication. Wright was sentenced to five years of probation and was transferred to the Indiana Department of Corrections. In March 2016, the circuit court found that Wright had violated[1] the terms of the order and sentenced him to serve eight years in the custody of MDOC.

¶4. In October 2016, Wright filed a PCR motion in the Pearl County Circuit Court. An evidentiary hearing was held, and after testimony was given, the circuit court found that Wright was fully aware of the consequences of his plea and understood the charges against him. The court therefore denied his motion. Aggrieved, Wright appeals.

---

[1] Wright's non-adjudication probation sentence was revoked because he was arrested and charged with the sale of a controlled substance within 1,500 feet of a church while in possession of a firearm and being a felon in possession of a firearm. Wright also tested positive for methamphetamines, failed to provide proof of legal employment, and failed to pay his court-ordered fines and fees.

**STANDARD OF REVIEW**

¶5.    "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if the trial court abused its discretion and the decision is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Green v. State*, 242 So. 3d 176, 178 (¶5) (Miss. Ct. App. 2017).

**DISCUSSION**

¶6.    On appeal, Wright raises five issues surrounding his indictment and guilty plea:

> (1) Whether the court had jurisdiction to amend the defendant's indictment in court and [whether] the defendant [was] improperly indicted[;] (2) Whether the court[] violated the defendant's rights by failing to give a proffer on the amended charge of conspiracy to possess precursor chemicals[;] (3) Whether the court had any factual basis on the amended charge[;] (4) Whether the court[] violated the defendant's right by failing to properly indict the defendant[;] (5) Whether the plea of guilt was supported by the evidence alone[.][2]

For brevity and clarity, we address these issues using the following organization.

**I.    Indictment**

¶7.    Wright first asserts issues with his indictment: (1) whether the court had jurisdiction to amend his indictment and (2) whether he was properly indicted.  This Court has held that "[o]nce an indictment has been served on a defendant, a court having subject-matter jurisdiction is empowered to proceed.  A subsequent event such as a guilty plea to a lesser related offense in no way ousts the court of personal jurisdiction." *Dedeaux v. State*, 155 So. 3d 924, 928 (¶14) (Miss. Ct. App. 2014) (quoting *Jefferson v. State*, 556 So. 2d 1016, 1021 (Miss. 1989)).  Here, Wright pleaded guilty to the "lesser related offense" of conspiracy to

---

[2] Alterations are made for readability.

possess precursors, instead of the indicted charge of possession of precursors. *Id.* Furthermore, this Court has held that a defendant who was "indicted under the jurisdiction of the circuit court, and . . . voluntarily entered his pleas of guilty . . . waived the right to be indicted for the crimes to which he entered a plea of guilty." *Id.* (quoting *Young v. State*, 797 So. 2d 239, 243 (¶9) (Miss. Ct. App. 2001)). We find that the circuit court had the proper jurisdiction over his indictment and had the authority to accept Wright's guilty plea.

¶8.     This is evinced by the fact that during Wright's plea-qualification hearing, Wright's counsel, Mr. Schwartz, answered in the affirmative that Wright consented to the amended indictment.

> MR. CRANFORD: Your Honor, if I may as to Mr. Senque Wright . . . . He's pleading to Count 1 which is possession of precursors. At this time, the State would make a motion to amend his indictment to reflect that he is pleading -- in his plea petition today, he is pleading to conspiracy to possess precursors which is Mississippi Section Article 97-11.
>
> THE COURT: Mr. Schwartz?
>
> MR. SCHWARTZ: Yes, ma'am, we agree and consent to that amendment. And, also, upon your acceptance of his guilty plea to this amended charge, it's my understanding that the State will dismiss and not prosecute Count 2 of that indictment.
>
> MR. CRANFORD: That is correct, Your Honor.
>
> THE COURT: We'll allow that amendment then.

¶9.     Further, in Wright's evidentiary hearing, he stated that he understood the indictment was being amended. As a result, Wright waived his right to be indicted for conspiracy to possess precursors. Accordingly, we find this issue without merit.

## II.     Guilty Plea and Sufficiency of the Evidence

4

¶10. Wright further argues that the State did not present sufficient evidence to support his guilty plea.[3] This Court has held that "[a] valid guilty plea waives the right to challenge the sufficiency of the State's evidence." *Grissom v. State*, 66 So. 3d 1280, 1282 (¶6) (Miss. Ct. App. 2011). Here, Wright presents no evidence, other than his own assertions, that his guilty plea was not valid. In Wright's evidentiary hearing on his PCR motion, he stated that his lawyer told him to submit a guilty plea; and that is the reason he pleaded guilty and not because he was actually guilty. However, his testimony at his plea qualification hearing is in direct contradiction:

> [THE COURT]: Mr. Wright, do I need to have your charge formally read to you[?]
>
> A. (DEFENDANT SENQUE WRIGHT): No, ma'am.
>
> Q. You understand what it is?
>
> A. Yes, ma'am.
>
> Q. And your charge is conspiracy to possess precursors; is that correct?
>
> A. Yes, ma'am.
>
> Q. And to that charge, how do you plead?
>
> A. Guilty.
>
> Q. And you're pleading guilty because you are guilty?
>
> A: Yes, ma'am.
>
> Q. And are the facts stated in your indictment true and correct?

---

[3] In the State's brief it stated that Wright's plea was akin to an *Alford* plea; however, it was not. *North Carolina v. Alford*, 400 U.S. 25 (1970). Wright pleaded guilty and further stated that he was doing so because he was guilty.

A. Yes, ma'am.

Q. All right. Mr. Wright, I've determined for our record that there are enough facts for the basis of your plea.

¶11. This Court has held that "[a] plea is voluntary and intelligent when the defendant is informed of the charges against him and the consequences of his plea." *Smith v. State*, 35 So. 3d 549, 551 (¶9) (Miss. Ct. App. 2009). During his plea hearing, the circuit court ensured that Wright understood the charges against him and understood the consequences of pleading guilty.

¶12. Because Wright voluntarily and intelligently pleaded guilty, he has waived the right to challenge the sufficiency of the evidence. *Id.* Accordingly, we find this issue without merit.

## CONCLUSION

¶13. After review of the record, we affirm the circuit court's denial of Wright's PCR motion.

¶14. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND TINDELL, JJ., CONCUR.**